# UNITED STATES DISTRICT COURT

for the

District of Guam ▼

_____ Division

| | |
|---|---|
| Ye-Kyoung Kim | Case No. **CV 23-00026** |
| | *(to be filled in by the Clerk's Office)* |
| _____ | |
| *Plaintiff(s)* | Jury Trial: *(check one)* ☑Yes ☐No |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |
| -v- | |
| University of Guam , *et al* | |
| _____ | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Ye-Kyoung Kim |
| Street Address | Misa ShinAn Apt. 3207-2304 |
| City and County | Hanam |
| State and Zip Code | Kyung-kee, 12924 |
| Telephone Number | (+82) 10 9550-4803 |
| E-mail Address | yekyoung_kim@yahoo.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

ORIGINAL

Defendant No. 1 2 ½

    Name                           Anita Borja Enriquez

    Job or Title *(if known)*    President

    Street Address             UOG Station

    City and County        Mangilao

    State and Zip Code     Guam 96923

    Telephone Number     (671) 735-2990

    E-mail Address *(if known)*  abe@triton.uog.edu

Defendant No. 2 3 ½

    Name                           Anthony R. Camacho, Esq.

    Job or Title *(if known)*    University General Counsel

    Street Address              UOG Station

    City and County        Mangilao

    State and Zip Code     Guam 96923

    Telephone Number     (671) 735-2992

    E-mail Address *(if known)*  arcamacho@triton.uog.edu

Defendant No. 3 4 ½

    Name                           Carlos R. Taitano

    Job or Title *(if known)*    Director, Global Learning & Engagement

    Street Address              UOG Station

    City and County        Mangilao

    State and Zip Code     Guam 96923

    Telephone Number     (671) 735-2600/1

    E-mail Address *(if known)*  ctaitano@triton.uog.edu

Defendant No. 4 5 ½

    Name                           Sharleen Q. Santos-Bamba

    Job or Title *(if known)*    Interim Senior Vice President and Provost

    Street Address              UOG Station

    City and County        Mangilao

    State and Zip Code     Guam 96923

    Telephone Number     (671) 735-2997

    E-mail Address *(if known)*  sbamba@triton.uog.edu  (See attachment for more defendants)

**C.**   **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | University of Guam |
| Street Address | UOG Station |
| City and County | Mangilao |
| State and Zip Code | Guam, 96923 |
| Telephone Number | (671) 735-2990 |

## II.   Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐   Other federal law *(specify the federal law)*:

☐   Relevant state law *(specify, if known)*:

☐   Relevant city or county law *(specify, if known)*:

Case 1:23-cv-00026   Document 1   Filed 11/21/23   Page 3 of 61

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☑ Failure to hire me.
- ☐ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☑ Unequal terms and conditions of my employment.
- ☑ Retaliation.
- ☐ Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)
From August 26, 2021 to November 30, 2021

C.    I believe that defendant(s) *(check one)*:

- ☑ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☑ race _____
- ☐ color _____
- ☐ gender/sex _____
- ☐ religion _____
- ☑ national origin _____
- ☑ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*
_____

E.    The facts of my case are as follows. Attach additional pages if needed.

Case 1:23-cv-00026   Document 1   Filed 11/21/23   Page 4 of 61

Please see attachment, "Complaint for Employment Discrimination and Jury Demand," in which I attach a list of additional documents to support for the facts of my claims.

Please also note that a copy of my charge of employment discrimination that I filed with EEOC is attached. And also a copy of the Notice of Right to Sue letter that I received from the Equal Employment Opportunity Commission is attached to this complaint.

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A.  It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

04/28/2022

B.  The Equal Employment Opportunity Commission *(check one)*:

☐  has not issued a Notice of Right to Sue letter.

☑  issued a Notice of Right to Sue letter, which I received on *(date)*   08/25/2023   .

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.  Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐  60 days or more have elapsed.

☐  less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I am seeking as a remedy - this could be monetary compensation and policy changes at the institution. It could be determinded by the court.

---

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 11/21/2023

Signature of Plaintiff  *ye kyoung kim, pro se*

Printed Name of Plaintiff  Ye-Kyoung Kim

### B. For Attorneys

Date of signing: _____

Signature of Attorney  _____

Printed Name of Attorney  _____

Bar Number  _____

Name of Law Firm  _____

Street Address  _____

State and Zip Code  _____

Telephone Number  _____

E-mail Address  _____

**The Parties to This Complaint**

**B. The Additional Defendant(s)**

Defendant No. ~~5~~ 6 *4le*

| | |
|---|---|
| Name | Cathleen Moore-Linn |
| Job or Title *(if known)* | Executive Director Research Corporation |
| Street Address | UOG Station |
| City and County | Mangilao |
| State and Zip Code | Guam |
| Telephone Number | (671) 735-0250 |
| Email Address *(if known)* | cmoore@triton.uog.edu |

Defendant No. ~~6~~ 7 *4le*

| | |
|---|---|
| Name | Joseph Gumataotao |
| Job or Title *(if known)* | Chief Human Resources Officer |
| Street Address | UOG Station |
| City and County | Mangilao |
| State and Zip Code | Guam |
| Telephone Number | (671) 735-2350 |
| Email Address *(if known)* | gumataotaoj@triton.uog.edu |

Defendant No 1

| | |
|---|---|
| Name | University of Guam |
| Job or Title | University of Guam |
| Street Address | UOG Station |
| City and County | Mangilao, Guam |
| State and Zip Code | 96923 |
| Telephone | (671) 735-2990 |
| Email Address | |

# Attachment

## for Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III. Statement of Claim

YE-KYOUNG KIM
Misa ShinAn Apt Apt. 3207-2304
Hanam, Kyung-kee 12924 South Korea
Phone: (+82) 10-9550-4803
Email: yekyoung_kim@yahoo.com

*Appearing as Pro Se Plaintiff*

# BEFORE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF GUAM

| | | |
|---|---|---|
| YE-KYOUNG KIM | ) | CIVIL CASE NO. _____ |
| | ) | |
| vs. | ) | VERIFIED COMPLAINT AND JURY DEMAND |
| | ) | |
| UNIVERSITY OF GUAM | ) | |
| _____ | ) | |

## III. STATEMENT OF CLAIM

**COMES NOW**. Plaintiff YE-KYOUNG KIM, who hereby files Plaintiff's "Complaint and Jury Demand" as Attachment for Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination III. Statement of Claim which is as follows:

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND JURY DEMAND

1. I believe that the University of Guam discriminated against me on the basis of race, national origin, and age by not hiring me to fill the new position of Associate Director of the Global Learning and Engagement Office and behaved unprofessionally and unfairly toward me during the interview and hiring process, and instead hired or promoted a younger, less qualified candidate from a different race and national origin. I also believe that their treatment may have also been retaliatory for prior Equal Employment Opportunity Commission claims I filed against the University of Guam in the past.

In addition to violations of federal law, the University of Guam violated its own policies with regard to the discrepancy between the policy and job advertisements, abrupt scheduling of an interview, appointment of search committee chair, composition of the hiring committee, lack of quorum, final decision-making authority, conflict of interest, indifferent attitudes to investigate an

EEO complaint, public notices for internal promotions of candidates, and the institution's public commitment to equality in employment. These violations were intentional and calculated to select and promote a younger, less qualified candidate from within the Global Learning and Engagement Office, from a different race and national origin than myself. In a prior Equal Employment Opportunity Commission case, we reached a Settlement Agreement that UOG violated.

I hereby submit this Complaint for Employment Discrimination and Jury Demand against the University of Guam, asserting violations under the Civil Rights Act of Employment Discrimination and the Age Discrimination in Employment Act. This complaint arises from the University's actions that I believe were discriminatorily motivated based on my race, national origin, and age, and further involves claims of retaliation subsequent to my objections to these practices. The grievances detailed herein were previously brought before the Equal Employment Opportunity Commission (EEOC), focusing specifically on incidents of failure to hire, unequal terms and conditions of employment, and retaliatory conduct by the University. These claims are grounded in the adverse employment actions I encountered, which I assert were significantly influenced by prejudiced attitudes and policies at the University, ultimately infringing upon my civil rights and professional advancement. The cumulative effects of this discrimination have wrought substantial harm to my professional reputation, career trajectory, and prospects for future re-employment within the institution and beyond (See 'Attachment 1' for my charge filed with the EEOC on April 28, 2022, EEOC Charge Number: 486-2022-00620 ; 'Attachment 2' for my intake-interview cover letter filed with the EEOC on April 11, 2022 prior to the intake-interview conducted with the EEOC on April 12, 2022; & 'Attachment 3' for the notice of right to sue letter that I received from the EEOC on August 25, 2023.

In August, 2007, after completing my doctoral studies in education at The Ohio State University, I joined the University of Guam (UOG) as its first Korean female professor in the TESOL and IT Faculty. Initially promising, my tenure quickly devolved into a pattern of unequal treatment based on race and national origin, contrasting sharply with the experiences of my non-Korean colleagues. This bias was not only palpable in day-to-day interactions but also in broader institutional responses, or lack thereof, to these issues. My efforts to address these disparities internally were met with indifference, prompting me to file a formal complaint with the U.S. Equal

Employment Opportunity Commission (EEOC). This process triggered a series of retaliatory actions against me, further exacerbating the hostile work environment. Despite these challenges, my commitment to equitable treatment persisted until my resignation on January 12, 2010. The enclosed document - EEEOC Complaint - details the extent of the discriminatory practices, including workplace harassment and retaliation I endured, underscoring the urgent need for corrective measures. My initial EEOC charge on September 10, 2009, citing discrimination, harassment, and retaliation based on race and national origin at UOG, led to an EEOC mediated resolution on January 12, 2010 (See 'Attachment 4' for my updated Curriculum Vitae that includes a list of references; 'Attachment 5' for my initial EEOC Charge (Charge No: 486-2010-00001) filed on September 10, 2009; & 'Attachment 6' for my EEOC Settlement Agreement signed by the two parties in January 12, 2010).

On August 26, 2021, I applied for the new, open senior-level academic administrator position of Associate Director of the Global Learning and Engagement (GLE) Office at UOG. The position was publicly advertised from August 12, 2021, to August 26, 2021. The staff composition of the GLE Office, as evidenced on their website, lacked diversity, consisting predominantly of individuals around 30 years of age from the Pacific Islander staff members, specifically the Chamorro ethnic group with an apparent preference for Ms. Amanda Blas, who was promoted for the forementioned newly established senior-level academic administrator position of Associate Director of GLE, which contradicts UOG's claims of diversity and inclusion. (referenced at UOG's Meet the GLE Team page). This homogeneity contravenes UOG's publicized commitment to equal employment. The lack of diversity and inclusivity in hiring and promotional decisions suggests discriminatory practices based on race, national origin, and age at the UOG, particularly in the GLE (See 'Attachment 7' for the GLE position announcement; & 'Attachment 8' for my application packet, excluding my transcripts).

On October 27, 2021, I was informed via email by Carlos Taitano, Director of GLE and Search Committee Chair, and Geena Nuque, Program Assistant, about a scheduled interview for the next day morning, October 28, 2021. This abrupt, short notice for a new, open senior-level academic administrative position interview was highly irregular and unprofessional. It did not allow adequate time for preparation, indicating a lack of consideration and respect for the

interview process. During a brief phone conversation with Mr. Taitano on the same day, I encountered a further lack of professionalism. When inquiring about the interview details, including its duration and the panel members, Mr. Taitano provided minimal information and refused to disclose the identities of the interviewers. This lack of transparency is contrary to standard professional practices and raises serious concerns about the fairness, objectivity, and professionalism of the interview process (See 'Attachment 9' for email correspondences by Mr. Taitano and Ms. Nuque).

The conduct of Mr. Carlos Taitano and Ms. Geena Alyanna Nuque, in their roles within the Global Learning and Engagement (GLE) Office, was in direct violation of the UOG Personnel Rules & Regulations manual (PR&R, 2000), which is available on the website. The manual mandates that all candidate-related correspondences and materials are to be handled directly by the candidate and stored within the Human Resources Office. Furthermore, the manual emphasizes the role of the HR Office in overseeing the search process, ensuring adherence to established timelines, and executing all communications in a timely and appropriate manner. The actions of Mr. Taitano and Ms. Nuque, particularly in the abrupt scheduling and notice of my interview and the lack of comprehensive communication, starkly contradicted these guidelines, indicating a failure in UOG's HR monitoring and adherence to professional protocols.

The incidents I have experienced and the behavior of key personnel in the GLE Office reflect systemic issues in UOG's hiring practices. These issues are not limited to individual misconduct but point to a broader failure within the university's HR system to enforce its own standards and regulations, resulting in a hiring process marred by discrimination, unprofessionalism, and potential retaliation. These violations have directly impacted my professional opportunities and prospects, and have violated my rights as an external applicant, warranting appropriate remedial action and relief.

On the morning of October 28, 2021, I engaged in a Zoom interview with the four-person Search Committee, composed of the Chair and three Members. This Committee, however, was far from being representative of diversity and inclusivity in the GLE or UOG. To be precise, all of its members were Chamorros, the indigenous people of Guam, with the sole exception being a White

individual who had resided in Guam for nearly five decades. The concerning aspect of this Committee was their close association with the Committee Chair and Director of the Global Learning and Engagement (GLE) Office, Mr. Carlos Taitano.

The interconnected nature of these Committee Members was evident from their previous collaborations on projects within the GLE, with a strong emphasis on Chamorro-related initiatives. The four Committee Members in question were as follows: The composition and conduct of the GLE Search Committee, as overseen by Mr. Carlos Taitano, egregiously violated University policies and principles of impartiality. Mr. Taitano, notably lacking a doctoral degree requisite for such senior positions, exerted undue influence in his dual roles as Director and Search Committee Chair for the position of Associate Director of GLE within GLE (formerly PIP). This influence was further compounded by Ms. Cathleen Moore-Linn's involvement, whose tenure overlapped with Mr. Taitano's and similarly lacked the doctoral qualifications as a former Director of GLE or PIP. Additionally, the late Dr. Margaret Hattori-Uchima, despite her familial ties to GLE, and Dr. Sharleen Santos-Bamba, an esteemed alumnus with expertise in English, Chamorro, and Micronesian Studies, were part of the committee. This constellation of relationships and qualifications not only undermines the integrity of the hiring process but also raises alarming concerns of employment discrimination, nepotism, and retaliation based on race and national origin. Such practices flout the University's own standards and federal EEO laws, demanding thorough judicial scrutiny.

The Search Committee's eligibilities were radically deviated from the UOG Personnel Policy called, *UOG PR&R (2000), Article IV Administrative Policies: Recruitment and Appointment: Selection of Search Committees* states that: "there should have been a five-member Search Committee appointed by the appropriate Vice President and approved by the President (p. 121)."

The University's blatant disregard for its own policies is evident in the hiring process for the position of GLE's Associate Director of Global Learning and Engagement, as clearly identified by Mr. Anthony Camacho, UOG General Counsel, in his Respondent's Statement to the EEOC. He identified that the search committee members were appointed by the Senior Vice President and

Provost, Dr. Anita Borja Enriquez. In the interview or hiring process, the committee flagrantly failed to fulfill the mandatory quorum for senior-level appointments, specifically those at the Associate Dean/Director level or above. This failure not only breaches the University protocol but also raises serious concerns about the fairness and legitimacy of the selection process, potentially tainting it with unlawful discrimination, harassment, and retaliatory practices based on race, national origin, and age (See 'Attachment 10' for UOG General Counsel, Mr. Anthony Camacho's Respondent's Statement submitted to the EEOC on August 2, 2022 that identifies the interview participants and process and hiring decisions for the position of GLE's Associate Director of Global Learning and Engagement).

More significantly, it is very clear that the GLE Office significantly lacked expertise in vital areas such as international education, intercultural and global competence, and social justice education. This shortfall was especially evident in the inadequate support for the diverse international demographics that GLE claimed to serve, including students, staff, and faculty from the Pacific, Asia, and other regions. Notably, these essential qualifications and expertise were conspicuously absent from the job specifications in the University of Guam's advertisements for the position, raising concerns about the thoroughness and inclusivity of their hiring criteria.

UOG's recruitment criteria for its GLE Office fell short of UOG policy standards. The UOG policy mandates earned doctoral degree qualifications and significant achievements in instruction, research, and services for the senior-level academic administrative roles, as approved by the Board of Regents policy (BOR, 2018-2023), yet these standards were not adequately reflected in the hiring process, suggesting potential discrimination and inconsistencies. UOG's recruitment criteria for its GLE Office also fell short of industry norms, lacking requirements like relevant degrees, foreign language proficiency (e.g., Chinese, Japanese, and Korean representing a majority of international students at UOG), international experience, and formal trading vital for global learning and engagement. Contrasting with the UOG's official policy and higher education standards, these essential qualifications were not emphasized in the job announcement for the position of Associate Director of GLE.

The GLE Search Committee at UOG displayed a troubling mismatch in expertise and role requirements, lacking diversity and inclusivity. This misalignment casts doubt on the hiring process's integrity, suggesting possible discrimination based on race, national origin, age, and retaliation, and underscores flawed practices for a role focused on global learning and engagement.

UOG violated its policies by allowing Mr. Taitano, GLE Director, to chair the Search Committee, contrary to regulations mandating the Chair be elected from within and designated by the Dean/Director, as clearly identified by Mr. Anthony Camacho, UOG General Counsel, in his Respondent's Statement to the EEOC. He identified that members of the search committee were appointed by the Senior Vice President and Provost, Dr. Anita Borja Enriquez. This procedural breach, potentially creating a conflict of interest, may have led to discriminatory treatment against a Korean applicant, contrasting with Ms. Blas's experience. This action undermines UOG's claim of being an equal opportunity employer and provider, as detailed in the job advertisement and the UOG Negotiated Agreement and Board of Regents (BOR) Policy (2018-2023, page 63).

UOG BOR Union Agreement (2018-2023) states that "the Dean/Director have the rights and responsibilities to select the Chairperson and Members of the Search Committee for promotion of applicants." Thus, it is UOG Polices that Mr. Carlos Taitano, Director of GLE should not have served as Chair of the Search Committee for the promotion of Ms. Amanda Blas, instead he should have appointed Chair of the Search Committee from the elected search committee members from the Division or Other Assigned Area appointed by the Dean/Director (himself) after he convened them.

Similarly, UOG's BOR Policy (2018-2023, page 21) allows applicants to request the removal of biased Committee members, but UOG breached this by allowing Mr. Taitano on the Committee, creating a conflict of interest, notably in Ms. Blas's favor, who was less qualified (i.e., lack of the highest standard of expertise and experiences in instruction, research, and services) or unqualified (i.e., with no earned doctoral degree), but still selected and promoted to the senior-level academic administrative position. This breach was compounded by the Search Committee who shared Chamorro ethnicity and worldview, advocating Chamorro-/Micronesian-centric

initiatives, conflicting with the diverse perspectives promised in public job advertisements, thus highlighting UOG's deviation from its public commitments and fair employment practices.

During the GLE's hiring process, a Search Committee, dominated by the Chamorro ethnic group, deviated from UOG's fair employment practices, disadvantaging a Korean applicant. This unjust process culminated in Ms. Blas, an internal GLE employee, receiving a promotion and a $20,000 (or 42%) pay increase after just 30 months, facilitated by her ethnic peers on the interview or search committee, including her supervisor, the GLE Director. This points to a biased process, evidenced further by UOG's staffing patterns. Evidence of this inequity is detailed in UOG's Staffing Patterns over three years (2019-2021), which is available on the UOG website (See 'attachment 11').

The selection process for the position of GLE's Associate Director at UOG, as delineated in UOG General Counsel, Mr. Anthony Camacho's statement to the EEOC, reveals a troubling disregard for University Board of Regents (BOR) policy and fair employment practices. Despite the interview committee's responsibility to evaluate candidates comprehensively, they narrowly focused solely on interview performance, neglecting to assess other critical aspects of the applications. This oversight is particularly egregious given that, among the four candidates interviewed, I was the singular applicant possessing an earned doctoral degree and a robust background in global learning and engagement, including significant experience in instruction, research, and service at a senior level as mandated by UOG BOR policy. Such a myopic approach to candidate evaluation, as evidenced by the over 400-page EEOC Freedom Of Information Act (FOIA) documentation, not only undermines the integrity of the hiring process but also raises serious concerns of employment discrimination, harassment, and retaliation based on race, national origin, and age. This blatant non-compliance with the UOG policy and federal guidelines necessitates immediate judicial intervention to address these grave injustices (I requested to and received the FOIA Plaintiff's documents and records form Ms. Kathleen Gilliam, EEOC Government Information Specialist on September 15, 2023 after I received the notice of right to sue letter from the EEOC on August 25, 2023.

The four-member Search Committee for a newly created GLE office position, including its Chair, was fundamentally flawed, particularly in their close ties to Ms. Blas, possibly aiding her promotion to Associate Director of GLE. This process, seemingly open yet incorporating her previous role, suggests a bias favoring their interests over minority ethnic members and institutional fairness. This compromised the interview process and adversely affected my career as a more qualified Korean professional, exposing UOG to a potential legal action.

The bias against a Korean applicant by the Chamorro-dominated Search Committee at UOG resulted in less favorable treatment compared to Ms. Blas, orchestrated by four administrators, this breach of affirmative action and non-discrimination policies underlines a critical lapse in the university's standards and monitoring. This incident exemplifies the violation of UOG's policies, significantly disadvantaging me as a minority ethnic applicant, who is more qualified and older with experiences and expertise in the field of global education and engagement.

An examination of the GLE Office at UOG revealed a staffing pattern favoring alumni, predominantly from the School of Business and Public Administration, with a notable presence of University of Portland graduates, including Director Carlos R. Taitano and newly promoted Associate Director of GLE, Amanda Francel Blas. Ms. Blas later removed her profile from the website, suggesting nepotism and possibly a monopolistic hiring environment. This pattern indicates that race, national origin, and age played roles in hiring, evidenced by the removal of her previous Administrative Supervisor role from GLE. Also, except Mr. Taitano, all other GLE staff was close to 30 years of age, including Ms. Amanda Francel Blas.

On November 30, 2021, I received an email from Mr. Joseph Gumataotao, UOG's Acting Chief Human Resources Officer and a UOG alumnus, informing me that another candidate was chosen for the Associate Director position at GLE. This email stated, "the University was extremely fortunate to receive responses from a number of well-qualified candidates for the position of Associate Director, GLE Announcement #107-21. After extensive deliberation, another candidate has been chosen. We appreciate and thank you for the time you spent applying and interviewing for this position. We wish you success in future endeavors. This communication

marked the culmination of the end of a deeply flawed and questionable hiring process at UOG (See "Attachment 12' for the non-selection email sent from UOG HRO, Mr. Joseph Gumataotao).

Acting Chief HRO Mr. Joseph Gumataotao's email on the GLE Associate Director hiring concealed information about the biased process favoring Ms. Amanda Francel Blas, potentially due to ethnic nepotism, instead of qualifications. This communication contradicted UOG Personnel PR&R manual standards, which mandate the HR Office's role in overseeing fair hiring processes and procedures and candidate notifications. The University of Guam and its HR Office's failure to adhere to these standards exacerbated an already flawed process, particularly given the event leading up to it, with no efforts made to rectify this employment discrimination.

Mr. Gumataotao, as Acting Chief HRO, inappropriately shared a sensitive email broadly with his HRO office staff on the online threaded discussions, breaching confidentiality and exacerbating distrust in the administration's commitment to proper procedures. Facing abuse, deception, harassment, and discrimination at University of Guam, as a former employee of UOG and an external applicant for the new position at GLE, I resolutely filed an EEO charge with the U.S. EEOC for race, national origin, and age discrimination. The facts in this document form the basis of my legal claim against the University's administrators for discriminatory practices.

On December 1, 2021, after receiving a rejection letter from UOG's Acting Chief HRO, Mr. Gumataotao, I immediately filed a written complaint against employment practice and process conducted by the GLE's Search Committee Chair and Search Committee. The complaint detailed their biased practices favoring a less qualified, younger local Pacific Islander over me, a Korean applicant, blatantly disregarding principles of fairness and meritocracy (See 'attachment 13' for my complaint email sent to UOG Acting Chief HR Officer, Mr. Joseph Gumataotao).

I subsequently noticed a pattern of UOG systematically sidelining me from faculty and administrative positions, a recurrence also evident in my previous EEO case for a faculty position in 2020. This pattern involved promoting less qualified local Pacific Islanders through inadequate hiring processes, indicative of ongoing discriminatory practices. Despite efforts to address these issues with UOG's HRO and EEO administrators, the university's actions continued to infringe

upon my rights, exacerbating the impact on my professional life at UOG. The persistent nature of these issues, rooted in race, national origin, and age discrimination that I have experienced throughout the hiring process and my employment history at UOG, called for urgent redress, highlighting a deep-seated pattern of injustice within the institution.

Despite facing a setback with the untimely passing of the EEO Director at UOG, leaving the position vacant, I continued my pursuit of justice. On January 7 and 10, 2022, I attempted to seek intervention from UOG for employment discrimination, but faced challenges.

It was imperative to recognize that complaints concerning prohibited behaviors such as employment discrimination, harassment, and retaliation should be submitted in written form at the earliest opportunity following the Complainant's awareness of such conduct. While interviewing the EEO counselor, Ms. Darleen Blas, I found that the Acting Chief HR Officer, Mr. Joseph Gumataotao did not inform the EEO counselor of my EEO complaint, and after the one-hour intake-phone interview, Ms. Dareen Blas did not take any further actions, barring the situations where the complaint implicates the EEO officer – due to the untimely passing of the EEO Acting Director, Acting Chief HRO, Mr. Joseph Gumataotao was in place and made the complaint process a deadlock.

On January 7 and 10, 2023, a critical procedural failure was uncovered in the handling of my EEO complaint at the University of Guam. Despite conducting a one-hour interview, EEO counselor Ms. Darleen Blas took no further action on the complaint, a lapse intensified by the fact that Acting Chief HR Officer Mr. Joseph Gumataotao had neglected to inform her of the complaint initially. This breach of protocol, compounded by the unfortunate passing of the EEO Acting Director, led to Mr. Gumataotao assuming the Acting Chief HRO role and subsequently causing an impasse in the complaint process. This situation starkly contrasts with the University's own EEO Policy, established on July 17, 2003, and amended on September 18, 2003. This policy explicitly requires that if a written complaint is not submitted, it must be documented orally by intake personnel and reported to the EEO officer, or escalated to senior university authorities in certain circumstances, ensuring due process and adherence to non-discrimination and harassment guidelines. The EEO officer, or the Senior Vice President in certain situations, is responsible for

ensuring that complaints are processed in accordance with the policy (See 'attachment 14' for the UOG Policy for EEO and Non-Discrimination/Non-Harassment, established on July 17, 2003, and amended on September 18, 2003, outlines the procedures for handling complaints at UOG).

It presents a striking irony that Dr. Anita Borja Enriquez, in her capacity as Senior Vice President and Provost was responsible for appointing the Deans and Directors to the Search Committee for the position of Associate Director of GLE, the very individuals implicated in the alleged discriminatory employment practices at UOG. Now, in a twist of fate, Dr. Enriquez finds herself in the pivotal role of resolving EEO complaints, a position that demands impartiality and justice, seemingly at odds with her prior involvement in the appointment process. This situation raises profound questions about the objectivity and fairness in addressing and resolving such critical EEO matters within the institution.

Faced with the University of Guam's unmistakable failure to offer me employment, coupled with the undeniable inequity in employment terms and conditions extended to me, and the blatant retaliation I endured, I resolutely communicated to the UOG Human Resources Office and Equal Employment Opportunity Office my firm decision to escalate the matter. My resolve to initiate a formal charge with the Equal Employment Opportunity Commission (EEOC) is a direct response to these grievous violations. This action underscores not only my personal experience of injustice but also highlights a systemic failure within the University to uphold fair employment practices. It is a step taken with the utmost seriousness, reflecting a commitment to challenge and rectify the discriminatory practices that I, and potentially others, have faced at the hands of the University.

2. From August 2014 to May 2017, I embraced the role of Invited Adjunct Professor of Computer Science at the University of Guam's College of Natural and Applied Sciences (CNAS). This tenure, which was of a temporary and part-time nature, originated from an invitation extended by my esteemed former colleagues in the Computer Science department, Dr. Carl Swanson and Dr. Frank Lee. Our professional paths had previously converged during a collaborative inter-college technology education grant project when I was serving as an Assistant Professor in the School of Education. The invitation by Dr. Swanson, a White American, and Dr. Lee, of Taiwanese East

Asian descent, was not only a testament to our shared academic endeavors but also a call for my expertise in teaching and advising their students. This responsibility was particularly pivotal during their sabbaticals, representing a period where I contributed significantly to the continuity and quality of education within the faculty, alongside other distinguished professors like Dr. Joseph Zou.

Dr. Frank Lee shared with me a dispute during my appointment as an Invited Adjunct Professor at CNAS. He disclosed that Dr. Alicia Augon, then Associate Dean, now Dean of the School of Education, had pushed for her student to take the role, which Dr. Lee opposed, prioritizing qualifications for course integrity. During my tenure, I experienced significant administrative neglect: no guidance, communication, or professional courtesies like introductions or invitations to college events were extended. This lack of support was especially apparent under Dr. Lee Yudin, the longstanding Dean/Director of CNAS, whose three-decade tenure did not prevent these oversights.

During my time providing teaching and mentoring services in CNAS's Computer Science department, I faced multiple unsuccessful attempts to secure a full-time position at UOG. In the summer of 2017, spotting an opening for the Dean of Student Services Center at UOG, I reached out to Dr. Lee Yudin, the Dean/Director of CNAS and Chair of the Search Committee, to express my interest. His immediate response to my application was to inquire about my visa status. Taken aback, I informed him of my marriage to an American citizen, to which he dismissively stated that my experience was insufficient for the role. This disheartening interaction, especially coming from someone who would have been my supervisor, led me to refrain from further challenging his assessment.

I chose not to apply for the position at UOG due to perceived explicit racism and bias from Dr. Lee Yudin towards me as an East Asian, Korean woman. His attitude echoed disturbing remarks made by Ms. Teresita Mortera, a former CNAS Computer Science secretary and now a Facebook friend. She mentioned that Dr. Yudin, who joined UOG in 1986 and quickly became Dean, often travels to the Philippines for real estate business. Additionally, Dr. Yudin was aware of

my previous, initial EEOC complaint against UOG, as I had informed him when seeking his signature for a summer 2017 federal grant project at CNAS/UOG.

3. Between 2014 and 2017, a pattern of concerning employment practices occurred at the University of Guam (UOG). During this period, despite possessing a doctoral degree and prior experience as a UOG employee, my applications for several key positions were systematically overlooked. These positions included the roles of Associate Professor of TESOL in the School of Education, Associate Professor of Linguistics in the College of Liberal Arts and Social Sciences, Director of the Office of Research and Sponsored Programs, and Academic Advisor in the Student Services Center, just to name a few.

It is critical to note that, unlike other candidates with similar qualifications, my applications were dismissed without an interview—a fundamental step in the hiring process. This stands in stark contrast to the treatment of other UOG alumni of Chamorro descent, who were consistently selected for these roles. This disparity raises serious questions about the equitable treatment of professionals based on race and national origin at UOG. The exclusion I faced seems to suggest a preferential hiring pattern that favors certain groups over equally or more qualified candidates based on their race and national origin, thereby undermining the principles of fairness and equality that are cornerstone to our society and legal system. It is a matter that warrants thorough investigation, as it points towards a systemic issue of employment discrimination at the University. This claim aims to emphasize the seriousness of the allegations, highlight the discrepancy in treatment, and underline the need for legal scrutiny of the hiring practices at the University of Guam.

4. Following several unsuccessful job applications at UOG, reflecting a pattern of potential bias, I applied for the Extension Agent III/Assistant Professor role in Community, Economic, and Resource Development at CNAS on September 15, 2020 (position number 066-20), as per the job advertisement and my application (Attachments '15 and '16'). This complaint outlines a sequence of events that starkly illustrate the discriminatory hiring practices and procedural irregularities at the University of Guam (UOG), culminating in a violation of my rights based on race, national origin, and age.

On September 23, 2020, Dr. Kuan-Ju Chen, a newly appointed Assistant Professor of Agricultural Economics and Chair of the Search Committee, invited me for a Zoom interview. Dr. Chen's recent appointment in November 2019 and limited contributions to CNAS/CE&O raised concerns about his suitability to lead the committee. I fulfilled his request by submitting a 5-minute lecture video on Extension/Outreach and recommendation letters prior to the interview.

On October 1, 2020, my scheduled Zoom video interview for a position at UOG started 20 minutes late due to technical issues as informed by Dr. Chen, Chair of the Search Committee. The interview, conducted with about eight members, mostly Pacific Islanders (around 75%) from CE&O and Agriculture and Life Sciences in CNAS, including an EEO Officer, was further delayed by about an hour. The committee, diverse in ethnicity with two non-Pacific Islanders holding Ph.D.s, including Dr. Chen, joined from various locations, some casually from bedrooms. Despite prior technical checks with UOG IT at Dr. Chen's request, one member remained in audio mode throughout. In conclusion, Dr. Robert Barber, an Extension Specialist with a Ph.D. in Adult Education, remarked that Dean Yudin would decide on the appointment within two weeks.

During my Zoom interview with UOG's Search Committee, I observed a lack of professionalism in their employment practices. This included disregard for the applicant's schedule, failure to start the meeting on time, and inadequate management of a virtual meeting. I spent nearly two hours in front of my computer, facing a committee whose members frequently turned off their screens. This raised concerns about the potential for discriminatory evaluation of my application and interview performance, considering their unreliable and substandard approach. I was worried that my capabilities and performance, evidenced through video lectures, recommendation letters, and other application materials, were not being accurately assessed by the committee and hiring unit administrators.

It was particularly disconcerting that while the position ideally required a Ph.D. holder, the majority of the committee members (75%) did not possess a Ph.D. This group, predominantly younger Pacific Islanders and connected through UOG alumni networks, had less training and experience. The Chair, Dr. Chen, a recent appointee, had joined UOG in November 2019. Post-interview, I received no updates on my application status from Dr. Chen or others at UOG, and my

attempts to follow up were ignored. This indifference from the employer was alarming, as it highlighted systemic issues within the institution's handling of recruitment processes. The composition and dynamics of the committee reflected a concerning ethnic and social clique within the CNAS/CE&O workplace.

Despite my qualifications, my application process was marred by procedural irregularities right from the start, including an invitation to interview by Dr. Kuan-Ju Chen, a relatively inexperienced committee chair, who demanded additional requirements such as a video lecture and letters of recommendation. Flawed interview process was observed on October 1, 2020 when the interview, conducted over Zoom, was fraught with unprofessionalism and disorganization, starting 20 minutes late and conducted by a predominantly Pacific Islander committee, whose composition raised concerns of partiality. The committee's lack of adherence to scheduled times, coupled with the casual manner in which they conducted the interview, including some attending from their bedrooms, underscored a disregard for professionalism and fairness.

Following the interview, I was left without any communication from Dr. Chen or any other UOG officials regarding the outcome of my application. This lack of follow-up, despite my attempts to seek clarity, epitomizes the institutional neglect and unresponsiveness characteristic of UOG's discriminatory practices.

The conditions under which my interview and application were evaluated – notably by a committee whose qualifications did not align with the position's requirements – cast serious doubt on the integrity and fairness of the hiring process. This situation was further exacerbated by the complete lack of communication post-interview, leaving me in a state of professional limbo and uncertainty.

Despite raising these issues, UOG failed to take any corrective action, indicating a systemic problem within the institution's hiring practices and a culture of indifference towards fair and equitable treatment of candidates. The actions of UOG and its representatives, through this flawed hiring process, have not only disregarded basic professional standards but have also potentially violated anti-discrimination laws, causing significant professional and personal harm. This

complaint seeks redress for these injustices and a commitment to upholding equitable employment practices.

On October 27, 2020, I discovered from a UOG website announcement that Mr. Joseph Tuquero, a member of the Search Committee and Extension Agent III/Instructor, was granted tenure as Extension Agent III/Assistant Professor in CNAS/CE&O on October 22, 2020. This was notably the same position I had applied for and interviewed. Mr. Tuquero, a local Pacific Islander, had inquired about my strategies for managing workplace conflicts during the interview. It was highly irregular that Mr. Tuquero, who was simultaneously being considered for tenure by the UOG Board of Regents, was allowed to participate in the Search Committee for the same role. This situation was concerning, particularly in light of his probable discussions with Dean/Director Dr. Lee Yudin regarding his tenure and position, suggesting a potential conflict of interest.

Mr. Joseph Tuquero, a Filipino local Pacific Islander and UOG alumnus without a Ph.D., was initially hired as Agent II in CNAS/CE&O by Dean/Director Dr. Lee Yudin in 2015. UOG Staffing Patterns indicate his promotion to Extension Agent III/Instructor from Agent II on August 19, 2019. Remarkably, after just 14 months, during which UOG was largely closed due to COVID-19, he was granted tenure as Agent III/Assistant Professor on October 5, 2020. This led to a significant salary increase from $65,000 to potentially $76,000 (+17%), an unusually high raise compared to UOG or national averages.

Uncovering the unsettling depths of unfair hiring practices at the University of Guam, specifically the rapid promotion and tenure of Mr. Tuquero for a position I had applied for and was rejected, I sought insights from Dr. Zoltan Szekely, a respected former colleague, Associate Professor of Mathematics, and my reference. On October 27, 2020, through Facebook Text Chat, he exposed the biased preferences in UOG's hiring decisions, particularly under Dean Dr. Lee Yudin's influence: "I know that Dean Yudin (Dr. Lee Yudin, Dean/Director of CNAS/CE&O) is the supervisor of the Extension (CE&O), so eventually, things would happen in his favor. Once we had this hiring that the Dean told us, he would prefer a given candidate. Then the same candidate got the position. I guess, people try to follow his intention even with hiring. It is very heavy on emotions. Especially, when they don't say anything. Try to contact the EEO guy and ask why the (Search) Committee Chair is not responding to your inquiry."

Dr. Szekely's revelations confirmed a pattern of predetermined outcomes favoring specific candidates, highlighting a concerning lack of transparency and fairness in UOG's employment process. This deepened my understanding of the systemic issues at play, urging me to question the integrity of the Search Committee's silence and the broader institutional practices. Dr. Frank Lee, a former CNAS colleague and Professor of Computer Science who retired in September 2020 (during the COVID-19) and served as my reference for the position, once shared insights about the department's hiring practices between 2014-2017. He mentioned that as Chair of the Search Committee, they interviewed and recommended candidates, but the final decisions often aligned with the Dean's preferences, leaving the committee in the dark about the outcomes.

On October 29, 2020, I raised concerns about the lack of transparency and accountability in the search process to Mr. Joseph Gumataotao, Acting Chief HRO, and late Mr. Larry Gamboa, Acting Director of EEO/ADA/Title IX Office, via email. However, my queries went unanswered, denying me access to information about my application status or search results. This lack of response from the HRO and EEO services was outlined in my EEO complaint email regarding employer misconduct in CNAS/CE&O (See 'Attachment 16' for my complaint email sent to UOG Acting Chief HRO, Mr. Joseph Gumataotao and Acting Director of EEO/ADA/Title IX Office, late Mr. Larry Gamboa).

The University of Guam blatantly disregarded its own Personnel Rules and Regulations policy during my search committee experience, failing to update me post-interview and involving Mr. Joseph Tuquero, a candidate preordained for promotion, in a clear conflict of interest. This bias was further intensified by a committee heavily composed of local Pacific Islanders, creating a discriminatory and hostile employment environment for me. Contrary to the Board of Regents Union Agreement, UOG unjustifiably favored Mr. Tuquero, a less qualified Pacific Islander male, for rapid promotion, blatantly ignoring the stipulated three-year rank policy. Dean/Director Dr. Lee Yudin's decision-making bypassed my qualifications, detrimentally affecting my career growth and tarnishing my professional reputation. I endured illegal disparate treatment, a stark contrast to the privilege afforded to certain racial/ethnic groups at UOG. This manipulation of the hiring process, and control over EEO policies by the Dean/Director, culminated in a profound sense of humiliation and discrimination against me, based on my protected characteristics.

On October 30, 2020, UOG also announced Dr. Tim C. Dela Cruz's promotion, without specifying his new role. However, UOG Staffing Patterns revealed discrepancies in his hiring date and role, suggesting he did not meet eligibility for the Extension Agent III/Assistant Professor position I was rejected for. Above mentioned, Mr. Joseph Tuquero, another local Pacific Islander male, was rapidly promoted by Dr. Lee Yudin without meeting the "three years in rank" requirement. Both Dr. Dela Cruz and Mr. Tuquero, younger and less experienced and trained than me, received promotions despite not meeting qualifications, while I was repeatedly rejected and excluded. Dr. Yudin's actions, favoring younger Pacific Islander males, represented a significant conflict of interest and discrimination against me, violating UOG's employment policies and causing substantial harm to my professional standing.

Dr. Timmy Dela Cruz, holding a Ph.D. in Guam Sex Traders studies and serving as Executive Director of GALA, was appointed to a CNAS/CE&O position that ostensibly requires a broader community focus, including non-LGBTQI issues. This appointment suggests a potential bias in favor of Dr. Dela Cruz's LGBTQI advocacy background, raising serious concerns of sex discrimination, particularly against women or East Asian (Korean) females, by Dean/Director Dr. Lee Yudin. The decision to not hire a well-qualified female candidate with differing sexual orientation and gender identity further implies discriminatory motives.

Moreover, Dr. Yudin, as Dean/Director of CNAS/CE&O and Chief Negotiator for UOG's Board of Regents, seemingly violated equitable hiring practices by favoring specific Pacific Islander male employees, including Mr. Joseph Tuquero, for rapid promotions and significant pay raises. These decisions, made despite the candidates not meeting the publicly advertised qualifications, reflect a disregard for legal standards on equity and structural fairness, compounded by allowing Mr. Tuquero to serve on the search committee for the same role.

On October 30, 2020, seeking clarity on UOG's hiring policies, I contacted Dr. Ronald McNinch, Associate Professor of Public Administration, who indicated that UOG positions are based on "rank in person" rather than "rank in position," suggesting pre-determined outcomes for certain employees. This response, coupled with the biased hiring process and dismissal of my qualifications, underscores a pattern of institutional discrimination and violation of equal

employment opportunity laws, as evidenced by disparate treatment based on race, national origin, sex, age, and retaliation, deeply affecting my professional trajectory and rights at UOG.

As such, from 2014 to 2021, I persistently sought employment opportunities at the University of Guam, applying for numerous full-time positions aligning with my extensive expertise as a faculty member, education researcher, administrator, academic advisor, and international consultant, each role requiring an interdisciplinary set of knowledge, skills, and abilities acquired through formal training and profound experiences in research, teaching, services, and leadership. Despite my comprehensive qualifications and dedication, the outcomes of these applications were consistently unfruitful, reflecting a concerning pattern of disregard, potential bias, and discrimination, including workplace harassment and retaliation within the University of Guam's hiring practices across different units.

## CONCLUSION

This complaint and jury demand address persistent employment discrimination at UOG, seeking damages and reliefs and advocating for essential reforms in UOG's employment policies and practices. It urges the court to acknowledge the need for change to ensure diversity and inclusion, and equality, representing not only a personal pursuit of justice but also a critical step towards enforcing fair treatment in the workplace, potentially benefiting others in similar circumstances.

Submitted this 21st day of November, 2023 by:

_Ye kyoung kim, pro se_
YE-KYOUNG KIM
Pro Se Plaintiff

**A Selected List of Attachment**

'Attachment 1'
My charge filed with the EEOC on April 28, 2022 (EEOC Charge Number: 486-2022-00620).

'Attachment 2'
My intake-interview cover letter filed with and uploaded to the EEOC Public Portal on April 11, 2022 prior to the intake-interview conducted with the EEOC on April 12, 2022.

'Attachment 3'
The Notice of Right to Sue letter that I received from the EEOC on August 25, 2023.

'Attachment 4'
My updated Curriculum Vitae that includes a list of references.

'Attachment 5'
My initial charge filed with the EEOC on September 10, 2009 (EEOC Charge No: 486-2010-00001).

'Attachment 6'
The EEOC Mediation Settlement Agreement signed by the two parties on January 12, 2010.

'Attachment 7'
University of Guam's position announcement for Associate Director of Global Learning and Engagement.

'Attachment 8'
My application (transcripts are excluded) submitted to the UOG for the position of Associate Director of Global Learning and Engagement

'Attachment 9'
Email correspondences by GLE Director, Mr. Taitano and Program Assistant, Ms. Nuque.

'Attachment 10'
UOG General Counsel, Mr. Anthony Camacho's Respondent's Statement submitted to the EEOC on August 2, 2022 that identifies the interview participants and process for the position of GLE.

'Attachment 11'
UOG Staffing Pattern (2018-2022) can be found on the UOG website:
https://www.uog.edu/administration/administration-finance/human-resources/staffing-pattern.php

'Attachment 12'
The non-selection email that I received from UOG Acting Chief Human Resources Officer, Mr. Joseph Gumataotao.

'Attachment 13'
My written complaint against employment practice and procedures conducted by the GLE's Search committee in the hiring or promotion process in the GLE Office.

'Attachment 14'
The UOG Policy for EEO and Non-Discrimination/Non-Harassment, established on July 17, 2003, and amended on September 18, 2003, outlines the procedures for handling complaints.

'Attachment 15'
UOG's position announcement for the vacant position of Extension Agent III/Assistant Professor of Community, Economic, and Resource Development in Cooperative Extension and Outreach Services in the UOG's College of Natural and Applied Sciences (position number: 066-20).

'Attachment 16'
My complaint email about EEO concerns sent to UOG Acting Chief HRO and Acting Director of EEO/ADA/Title IX Office.

## 'Attachment 1'

My charge filed with the EEOC on April 28, 2022 (EEOC Charge Number: 486-2022-00620).

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC | 486-2022-00620 |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| Ye-Kyoung Kim | (031) 792-5818 | 1968 |

Street Address

Misa Bu-Young, Apt 3102-1301 Hanam, Kyung-kee 12923 South Korea

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| UNIVERSITY OF GUAM | 201 - 500 Employees | |

Street Address

UOG STA

GUAM, GU 96923

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | Earliest | Latest |
| Retaliation, National Origin, Race, Age | 08/26/2021 | 11/30/2021 |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On August 26, 2021, I applied for an Associate Director of Global Learning & Engagement position with Respondent. I was interviewed for the position on October 28, 2021. I previously filed a complaint with EEOC against Respondent in 2009 and also complained about discrimination with Respondent in 2020. On November 30, 2021, I received an email from Respondent that I was not selected for the position. The person selected is Chamorro, Pacific Islander and younger than I am. I was well qualified for the position. On December 1, 2021, I sent an email to UOG Acting Chief Human Resources Officer (HRO), Mr. Joseph Gumataotao complaining about parts of the hiring process. I believe Respondent discriminated against me because of my Race (Asian), National Origin (Korean) and Age (53) in violation of the Title VII of Civil Rights of 1964 and the Age Discrimination in Employment Act of 1967, as amended. I also feel I was retaliated against for complaining about discrimination.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 04/28/2022    Yekyoungkim _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

**'Attachment 3'**

The Notice of Right to Sue letter that I received from the EEOC on August 25, 2023

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Honolulu Local Office**
300 Ala Moana Blvd, Room 4-257
Honolulu, HI 96850
(808) 800-2350
Website: www.eeoc.gov

## <u>DETERMINATION AND NOTICE OF RIGHTS</u>
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 08/24/2023

**To:** Ye-Kyoung Kim
Misa Bu-Young, Apt 3102-1301 Hanam, Kyung-kee 12923 South Korea
Hanam 12923
Charge No: 486-2022-00620

EEOC Representative and email:     KRIS KAOPUIKI
Investigator
KRIS.KAOPUIKI@EEOC.GOV

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 486-2022-00620.

On behalf of the Commission,

Digitally Signed By:Christine Park-Gonzalez
08/24/2023

Christine Park-Gonzalez
District Director

**Cc:**
Anthony R Camacho
University of Guam
303 UNIVERSITY DR UOG STATION
Mangilao, GU 96913


Please retain this notice for your records.

**'Attachment 5'**

My initial charge filed with the EEOC on September 10, 2009 (EEOC Charge No: 486-2010-00001)

DATE:        September 10, 2009

TO:          EEOC Office

FROM:        Dr. Ye-Kyoung Kim, Assistant Professor
             School of Education

**RE:**          **EEOC Complaint**

        I believe that I have been discriminated against based upon my sex, race and national origin by the University of Guam ("U.O.G.") causing me great harm to my reputation, career, and continued employment at that institution.

        Upon completed my doctoral studies at Ohio State University, I began to seek employment at educational institutes including the University of Guam. Having a strong background in foreign and second language, I applied for a position at the University of Guam (see Position Solicitation Attachment "1"). Please see my Resume and References attached hereto as Attachment "2".

        On May 30, 2007, I was informed that I was offered a tenure track appointment as a TESOL-IT Faculty in the University of Guam School of Education. On June 5, 2007, I received an Employment Agreement from the University of Guam (see Attachment "3").

        Upon accepting the position, I began employment on August 13, 2007. Upon starting at U.O.G., I have been being treated differently from other first year Assistant Professors as I was given a very heavy course load of seven classes as compared to three. Also, I was provided little, if any, guidance from my purported administrator, Dr. Leddy, Acting Director of the School of Education. I was provided little, if any, guidance in negotiating all the requirements that a first year junior faculty member is required to perform.

        After the first semester I discovered one employee who was less qualified with no Ph.D was receiving the same academic rank and compensation and another employee with a Ph.D receiving the same academic rank with higher compensation. I brought this to the attention of the AFT Union Chair whom on my behalf brought this concern to the attention of Dr. Roy Tsuda, Acting Senior Vice-President. In Dr. Tsuda's April 14, 2008 response, it was agreed that a less qualified non-Korean was paid equal to me and a comparable non-Korean received greater steps in pay than was allowed. It was agreed that should not have occurred. However, it was also stated that it is U.O.G. policy that I should not have been hired at the step I was hired at. The University of Guam failed to remedy its shortcomings. See Attachment "4".

        Prior to the start of the next academic school year, I was informed that I would no longer be in charge of the current and new graduate candidates of the TESOL program. See Attachment "5". As well as I was informed that I would be moved from the Department of Teacher Education and Public Services to the Foundation of Education and Research Services and was replaced as the Chair of the TESOL program by Dr. Catherine Stoicovy who is the Chair of Language and Literacy.

At the start of the 2008-2009 academic school year, I felt Dr. Leddy was increasingly distant. I began to notice and felt required to respond when Dr. Leddy made comments regarding Korean women and women in general. These statement came from my direct supervisor Dr. Patrick Leddy, Acting Dean of the School of Education during and after faculty meetings. The comments included: Korean women are all the same, once they are married, they become tough and wild; Cooking is a women's job; and the way I talk is not a western style; as well as references to my immigration status. The statements went along the lines that's why you've never married.

At the same time, I began to notice that I was not being invited to the typical regular academic activities such as faculty meetings, Academic Advisements, and email discussions/messages; I was also not given instructional equipment (e.g. projector cart). I have since learned that this has continued even though I represented to Dr. Leddy my email address. I was excluded from notification regarding faculty meetings, academic advisement, and student orientation examples of which are attached hereto as Attachment "6". In addition, I was not given the opportunity to plan course schedules and teach extra courses for extra income that other faculty members were given.

Upon submitting my request for reappointment in January, 2009, the University of Guam proceeded to evaluate my application for reappointment in a discriminatory fashion resulting in one member of the ADHOC Review Committee submitting a minority report. Please see the University of Guam Reappointment Procedures evaluated and prepared by the ADHOC Review Committee attached as Attachment "7".

Since submittal of my reappointment package and even prior thereto in January 2009, I became increasingly concerned that student evaluation data of my teaching abilities was not being accurately gathered and maintained. Following the end of the 2009 school year, it became clear that teacher evaluation data regarding my teaching was not being accurately maintained. See Attachment "8" referencing failure to conduct and maintain students evaluations.

I am currently still under the reappointment procedures as no final determination has been made although prior to the end of the school year, I informed the University of Guam management of my intent to file an EEOC Complaint. Since that time, I have been subject to reprisals by U.O.G. including not being provided summer, 2009 teaching assignments. That U.O.G.'s actions amount to a continuing violation of my rights which commutative impact upon me was not revealed until my request for reappointment and for the re-review of compensation.

Respectfully,


**Ye-Kyoung Kim, PhD**

**'Attachment 7'**

University of Guam's position announcement for Associate Director of Global Learning and Engagement

THE UNIVERSITY OF GUAM SOLICITS APPLICATIONS TO ESTABLISH A LIST OF ELIGIBLES FOR THE FOLLOWING POSITION (SUBJECT TO THE AVAILABILITY OF FUNDS):

# #107-21 ASSOCIATE DIRECTOR, GLOBAL LEARNING AND ENGAGEMENT

| | |
|---|---|
| **Location:** | Office of the President/Global Learning and Engagement |
| **University Information:** | The University of Guam is the premier institution of higher education in the Western Pacific. It is a land-grant institution, accredited by the Western Association of Schools and Colleges Senior Commission. Located in the village of Mangilao on the island of Guam, the campus overlooks beautiful Pago Bay and the University's world-class Marine Biology Lab. The University has 3,900 students, 90% of Asian or Pacific Islander ancestry, providing a uniquely diverse campus and multicultural atmosphere. As a regional, comprehensive, open admissions institution, the university awards degrees at the baccalaureate and master's levels through its two colleges and three professional schools. Over the next five years, the University will be entering an exciting period of growth linked to anticipated increases in military investments and resultant economic expansion in Guam. Three major University initiatives have been developed to maximize academic and community opportunities during this period: "UOG, the Natural Choice" to encourage local students to aspire to attend college and to choose the University of Guam; "UOG Green" with renewable energy and sustainability central to the initiative; and "UOG Leading Change" on Guam and in Micronesia. Extramural funding from competitive Federal sources as well as contracts is rapidly expanding. Such opportunities along with a critical mass of dedicated and capable administration, faculty, students, and staff make the University of Guam an exciting place to be for many years to come. Information on the University's campus security and fire safety may be accessed at http://www.uog.edu/hro (Under Links). |
| **General Description:** | The University of Guam seeks an executive who is interested in new challenges and opportunities for professional and personal growth and who is interested in working in a dynamic, multi-cultural institution of higher education in the Pacific. |
| | The University of Guam has an active press dedicated to publishing research and writing about Guam and Micronesia. A variety of publishing opportunities are available to UOG faculty, employees, students and members of the communities we serve through the University of Guam Press. |
| | The Associate Director, Global Learning and Engagement (GLE) supports the Director of Global Learning and Engagement in providing profitable, entrepreneurial, market-driven, and outcome-based in extending the University's educational resources and enhancing its responsiveness to our community and the Asia Pacific region consistent with the mission, strategic initiatives, accreditation standards, autonomy and academic freedom. The Associate Director leads the coordination efforts for GLE's professional development, personal enrichment and community training programs, as well as coordination of various professional, outreach, and grant programs. Together with the Director, the Associate Director assists in defining, clarifying, and delivering profitable strategic initiatives related to market growth and development, innovative lifelong learning, collaborative educational public/private partnerships, and market-based program development. The Associate Director leads a staff upwards of 6 and administers programs and services with gross revenues of $1 million (M). Direct reports are the Administrative Aide, Program Assistants, Outreach Coordinators, and Extension Associate. |
| **Character of Duties:** | Primary duties and responsibilities shall include, but not be limited to the following: |

- In consultation with the Director, develop GLE business plans to meet strategic, market share, and financial goals through an appropriate mix of commercially offered professional development, personal enrichment and community services training programs, and externally funded educational outreach programs;
- Coordinate operations that ensures a net revenue stream to the University while facilitating quality and academic excellence and the growth and sustainability of the unit;
- In collaboration with the Director, effectively interact with stakeholders to create and implement action plans that respond to local, regional, and international needs within a higher education framework and develop appropriate program requirements based on market needs assessments;
- Expand and deliver accessible, quality, and market-sensitive training, personal enrichment, and professional development programs to the community and region;
- Facilitate, deliver, and support opportunities out of the regular semester on and off-island academic

- Monitor and assure compliance with all relevant external and internal rules, policies, and procedures;

- Manage the process of successfully developing, designing, and implementing new international programs; needs assessments and feasibility studies;

- In collaboration with the Director, support the vision for and the initiation of pilot income generation programs that lead to expanded opportunities for faculty and staff;

- Evaluate and develop administrative processes to improve GLE work flow and efficiency;

- Coordinate proctoring activities including scheduling and staffing;

- Provide grant management for GLE, including identifying grant funding opportunities; writing, submitting, and managing grant proposals; and maintain records of all grants;

- Assist in event planning and management for the University's events; and

- Perform other related duties as assigned.

| | |
|---|---|
| **Qualifications:** | **Minimum:** |

- Master's degree from a U.S. accredited college/university or foreign equivalent with two (2) years of progressively responsible leadership experience in two or more of the following areas: a) demonstrated entrepreneurial business success; b) professional development, personal enrichment or community programs; c) profitable management of similar operations; d) marketing and/or management of successful, commercial, public and for-profit enterprise; e) events management both virtual and in-person.

**Preferred:**

- Successful, relevant experience and personal networks on Guam and the Pacific Islands and in the Asia-Pacific region;
- Accomplishments in securing grants and contracts, building shared agendas, and negotiating strategic partnerships; and
- Project and outreach program management, contact administration communication, teamwork, problem-solving, and customer service.

| | |
|---|---|
| **Salary Level:** | $65,209 - $97,813 per annum |
| **Appointment/ Relocation:** | The position is a full-time (12 month) academic administrative appointment. The University provides relocation assistance to new employees if hired off-island on a three-year initial contract. Provided are travel expenses for the applicant and the applicant's spouse (as defined by Guam Law) and children under the age of 18 by the least expensive and most direct air route from the point of hire and for moving household goods to Guam by the least expensive carrier up to 3,500 pounds for a family and 1,750 pounds for an applicant without dependents. Insurance of household goods, if desired, is at the employee's expense. |
| **Benefits:** | Fringe benefits include a medical and dental plan, life insurance, cafeteria plan (flexible tax benefit plan), annual leave, sick leave, and the Government of Guam retirement plan. |
| **Application Process:** | Applicants for University of Guam administrator positions must complete an online job application through the UOG online employment portal at https://uog.peopleadmin.com. Please have the following documents prepared and ready to upload with your application:<br>(1) Letter of application that describes candidate's qualifications<br>(2) Curriculum vitae<br>(3) Copies of all graduate and undergraduate transcripts |

**Special Instructions for References:** Three (3) current letters of recommendation from persons knowledgeable about your academic and professional performance must be provided by providing a list of at least three (3) references to be contacted on the References section of the online application. Enter each reference by clicking on the "Add References Entry" button. Provide the name, title, email address, mailing address, and telephone number of each reference. A system automated email will be sent to each reference's email address with a link to attach their reference letter to your application.

**Selected candidate** must provide official transcripts prior to hire date. For further information, please contact Mr. Carlos Taitano, Search Committee Chair, ctaitano@triton.uog.edu or the Human Resources Office at hro@triton.uog.edu telephone number (671) 735-2350 or fax number at (671) 734-6005.

| | |
|---|---|
| **Application Deadline:** | Application will be received no later than August 26, 2021 (Chamorro Standard Time/UTC+10).<br><br>(Note to applicants in the mainland United States: Please be advised that Guam is a day ahead of the mainland United States.)<br><br>For further information about the University of Guam, visit our Web Site at http://www.uog.edu. General information about Guam is available at http://www.visitguam.org. For local newspapers, The Pacific Daily News is available at http://www.guampdn.com and The Guam Daily post is available at http://www.postguam.com. |
| **Work Eligibility:** | **Submission of completed job applications authorizes the University of Guam to seek and obtain information regarding the applicant's suitability for employment. All factors which are job related may be investigated (i.e., previous employment, educational credentials, and criminal records). All information obtained may be used to determine the applicant's eligibility for employment in accordance with equal employment opportunity guidelines. In addition, the applicant releases previous employers and job related sources from legal liability for the information provided.**<br><br>**Should an applicant be convicted of any crimes other than a minor traffic violation, all applicable information must be provided in the form of a police clearance report and court clearance report. Failure to admit any felony convictions may result in immediate disqualification or disciplinary action.**<br><br>**Section 25103, Chapter 25, Title 10 of the Guam Code Annotated requires college or university employees to undergo a physical examination, to include a test for tuberculosis (skin or x-ray), prior to employment and at least annually thereafter. A report of such examination must be conducted by a licensed physician within a state or territory of the United States and must be submitted upon request.**<br><br>**Federal law requires presentation of eligibility to work in the United States within seventy-two (72) hours of reporting for employment. Specifically, 8 USC 1324A requires the employer to verify the identity and eligibility to work in the United States of all newly hired employees. The University of Guam is required to comply with this law on a non-discriminatory basis. If you are hired to fill a position with the University of Guam, you will be required to present valid documents to comply with this law.**<br><br>**The University of Guam is an equal opportunity employer and provider.**<br><br>**The University of Guam complies with Public Law 24-109 in reference to the provisions and requirements of the Americans with Disabilities Act. Assistance in EEO/ADA matters and inquiries concerning the application of Title IX and its implementing regulations may be referred to the University's Director, EEO and Title IX/ADA Coordinator, located at the EEO/ADA and Title IX Office, Dorm II, Iya Hami Hall, Room 106, Telephone No. (671) 735-2244; TTY (671) 735-2243; or to the Office of Civil Rights (OCR).** |

Joseph Gumataotao (Aug 12, 2021 14:43 GMT+10)

**JOSEPH B. GUMATAOTAO**
**Acting Chief Human Resources Officer**

**'Attachment 12'**

The non-selection email that I received from UOG Acting Chief Human Resources Officer, Mr. Joseph Gumataotao.

# Your University of Guam Application

From: hr_support@uguam.uog.edu (hr_support@uguam.uog.edu)

To:    yekyoung_kim@yahoo.com

Cc:    gumataotaoj@triton.uog.edu; eflores@triton.uog.edu; dylujan@triton.uog.edu; esoriano@triton.uog.edu

Date:  Tuesday, November 30, 2021, 10:21 AM GMT+9

Dear Ye-Kyoung Kim,

Thank you for your interest in employment with the University of Guam, Global Learning and Engagement. The University was extremely fortunate to receive responses from a number of well qualified candidates for the position of Associate Director, Global Learning and Engagement, Announcement #107-21. Upon much deliberation, another candidate has been selected.

We appreciate and thank you for the time you spent applying and interviewing for this position. We wish you success in future endeavors.

Sincerely,

JOSEPH B. GUMATAOTAO

Acting Chief Human Resources Officer

**'Attachment 13'**

My written complaint against employment practice and procedures conducted by the GLE's Search committee in the hiring or promotion process in the GLE Office

## Re: Your University of Guam Application

From:  JOSEPH B GUMATAOTAO (gumataotaoj@triton.uog.edu)

To:    hr_support@uguam.uog.edu; dblas@triton.uog.edu; yekyoung_kim@yahoo.com

Cc:    eflores@triton.uog.edu; dylujan@triton.uog.edu; esoriano@triton.uog.edu; eeo-ada@triton.uog.edu

Date:  Monday, January 10, 2022, 03:09 PM GMT+9

Hafa adai, Dr. Kim:

Thank you for acknowledging receipt of the EEO Charge Form.  Please submit your completed charge form to Ms. Blas and Ms. Gogue.  They are both with our UOG EEO Office.  Once received, a review will be conducted, and you will be advised by them of next steps.

--
*Senseramente,*



**Joseph B. Gumataotao**
*Acting Chief Human Resources Officer*

**Administration & Finance**
Office: +1 (671) 735-2352
gumataotaoj@triton.uog.edu
https://www.uog.edu/administration/administration-finance/human-resources/

*The University of Guam is an equal opportunity provider and employer.*

CONFIDENTIALITY STATEMENT: This message is from the University of Guam and contains information which is privileged and confidential and is solely for the use of the intended recipient. If you are not the intended recipient, any review, disclosure, copying, distribution, or use of the contents of this message is strictly prohibited. If you have received this transmission in error, please destroy immediately.

This email message (including any attachments) is for the sole use of the intended recipient(s) and may contain confidential information covered under the Family Educational Rights & Privacy Act (FERPA). If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message (including any attachments) is strictly prohibited. If you have received this message in error, please destroy all copies of the original message (including attachments) and notify me immediately by email or phone. Thank you.

**From:** Ye-Kyoung Kim <yekyoung_kim@yahoo.com>
**Sent:** Monday, January 10, 2022 3:47 PM
**To:** HR Support <hr_support@uguam.uog.edu>; DARLENE SANTOS BLAS <dblas@triton.uog.edu>; JOSEPH B GUMATAOTAO <gumataotaoj@triton.uog.edu>
**Cc:** Elizabeth Flores <eflores@triton.uog.edu>; Donna Y. Lujan <dylujan@triton.uog.edu>; Eliza Soriano <esoriano@triton.uog.edu>; EEO-ADA <eeo-ada@triton.uog.edu>
**Subject:** Re: Your University of Guam Application

[EXTERNAL EMAIL - Please use caution when opening attachments or clicking links.]

January 10, 2022

Joseph Gumataotao
Acting Chief Human Resources Officer

Re: EEO/ADA & TITLE IX CHARGE STATEMENT and EEO Administrator

Mr. Joseph Gumataotao:

Please clarify your EEO process with me.  Your email states that Ms. Elain Gogue, EEO Officer in the
EEO Office, would review my EEO/ADA & TITLE IX Charge Statement Form after I submit it to eeo-
ada@triton.uog.edu. And Ms. Blas is with the EEO Office and assists customers with the complaint
process.

On January 5th, 2022, I called the EEO Office, and talked to Ms. Darlene Blas,  Personnel Specialist I in
the Human Resources Office, listed as one of EEO counselors under the title of 'EEO Counselors as of
July 12, 2021' on the U.O.G. website.

Mr. Blas helped me locate the EEO Charge Statement Form. And she said that Ms. Gogue would read
my submitted EEO Form and then, 'EEO Counselors' who are also 'EEO 'Officers' would investigate the
EEO case by interviewing the people involved.

Is this the process and the way your EEO office works in handling the EEO case?

Thank you.

**Ye-Kyoung Kim, Ph.D.**
P.O. Box 5007
Mangilao, Guam 96923
Current Cell Phone: (+82) (10) 9550-4803, South Korea
Email: yekyoung_kim@yahoo.com


On Monday, January 10, 2022, 10:22:41 AM GMT+9, JOSEPH B GUMATAOTAO <gumataotaoj@triton.uog.edu>
wrote:


Hafa adai, Dr. Kim:

Yes--Ms. Gogue is on board with our EEO Office and providing services.  The EEO Office will review any
complaint received after submission.  Note that the EEO Charge Form should be filled out.  If you have
not received one, Ms. Darlene Blas, who is copied herein, can provide one to you.


--
*Senseramente,*

**Joseph B. Gumataotao**
*Acting Chief Human Resources Officer*

**Administration & Finance**
Office: +1 (671) 735-2352
gumataotaoj@triton.uog.edu
https://www.uog.edu/administration/administration-finance/human-resources/



**UNIVERSITY OF**
**GUAM**
UNIBETSEDÅT GUÅHAN

*The University of Guam is an equal opportunity provider and employer.*

CONFIDENTIALITY STATEMENT: This message is from the University of Guam and contains information which is privileged and confidential and is solely for the use of the intended recipient. If you are not the intended recipient, any review, disclosure, copying, distribution, or use of the contents of this message is strictly prohibited. If you have received this transmission in error, please destroy immediately.

This email message (including any attachments) is for the sole use of the intended recipient(s) and may contain confidential information covered under the Family Educational Rights & Privacy Act (FERPA). If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message (including any attachments) is strictly prohibited. If you have received this message in error, please destroy all copies of the original message (including attachments) and notify me immediately by email or phone. Thank you.

**From:** Ye-Kyoung Kim <yekyoung_kim@yahoo.com>
**Sent:** Monday, January 10, 2022 11:02 AM
**To:** HR Support <hr_support@uguam.uog.edu>; DARLENE SANTOS BLAS <dblas@triton.uog.edu>; JOSEPH B GUMATAOTAO <gumataotaoj@triton.uog.edu>
**Cc:** Elizabeth Flores <eflores@triton.uog.edu>; Donna Y. Lujan <dylujan@triton.uog.edu>; Eliza Soriano <esoriano@triton.uog.edu>; EEO-ADA <eeo-ada@triton.uog.edu>
**Subject:** Re: Your University of Guam Application

[EXTERNAL EMAIL - Please use caution when opening attachments or clicking links.]

January 10, 2022

Joseph Gumataotao
Acting Chief Human Resources Officer

Re: EEO/ADA & TITLE IX CHARGE STATEMENT and EEO Administrator

Mr. Joseph Gumataotao:

Can you please verify with me that Ms. Elain Gogue has been providing a TEMPORARY EEO/TITLE IX/ADA SERVICES to U.O.G.? See the website:
https://www.uog.edu/procurement/awarded.php

Thank you.

**Ye-Kyoung Kim, Ph.D.**
P.O. Box 5007
Mangilao, Guam 96923
Current Cell Phone: (+82) (10) 9550-4803, South Korea
Email: yekyoung_kim@yahoo.com

On Monday, January 10, 2022, 07:35:50 AM GMT+9, JOSEPH B GUMATAOTAO <gumataotaoj@triton.uog.edu>
wrote:

Hafa adai, Dr. Kim:

In response to your email, Ms. Elaine Gogue is currently managing the EEO Office. You may address any
EEO related concerns to her as the EEO Officer. Her email address eeo-ada@triton.uog.edu. This was
also provided in my earlier email reply. You may send her an email at that address with a copy to Ms.
Darlene Blas. Ms. Blas is with the EEO Office and assists customers with the complaint process. Ms.
Gogue may also be reached at 671-735-2244/2971.

I hope you find the reply responsive to your inquiry. Have a great day.

--
*Senseramente,*



**Joseph B. Gumataotao**
*Acting Chief Human Resources Officer*

**Administration & Finance**
Office: +1 (671) 735-2352
gumataotaoj@triton.uog.edu
https://www.uog.edu/administration/administration-finance/human-resources/

*The University of Guam is an equal opportunity provider and employer.*

CONFIDENTIALITY STATEMENT: This message is from the University of Guam and contains information which is privileged and confidential
and is solely for the use of the intended recipient. If you are not the intended recipient, any review, disclosure, copying, distribution, or use
of the contents of this message is strictly prohibited. If you have received this transmission in error, please destroy immediately.

This email message (including any attachments) is for the sole use of the intended recipient(s) and may contain confidential information
covered under the Family Educational Rights & Privacy Act (FERPA). If the reader of this message is not the intended recipient, you are
hereby notified that any dissemination, distribution or copying of this message (including any attachments) is strictly prohibited. If you
have received this message in error, please destroy all copies of the original message (including attachments) and notify me immediately
by email or phone. Thank you.

**From:** Ye-Kyoung Kim <yekyoung_kim@yahoo.com>
**Sent:** Friday, January 7, 2022 10:17 PM
**To:** JOSEPH B GUMATAOTAO <gumataotaoj@triton.uog.edu>; HR Support <hr_support@uguam.uog.edu>;
DARLENE SANTOS BLAS <dblas@triton.uog.edu>
**Cc:** Elizabeth Flores <eflores@triton.uog.edu>; Donna Y. Lujan <dylujan@triton.uog.edu>; Eliza Soriano
<esoriano@triton.uog.edu>; EEO-ADA <eeo-ada@triton.uog.edu>
**Subject:** Re: Your University of Guam Application

[EXTERNAL EMAIL - Please use caution when opening attachments or clicking links.]

January 7, 2022

Joseph Gumataotao
Acting Chief Human Resources Officer

Re: EEO/ADA & TITLE IX CHARGE STATEMENT and EEO Administrator

Mr. Joseph Gumataotao:

Filing a formal charge of employment discrimination is a serious matter. And so I would like to ask you the questions again:

(1) Who is in charge of EEO office at U.O.G.? and
(2) What is the title/position, phone number, and email address of Ms. Elain Gogue? (I could not find her name in the EEO office or U.O.G. directory)

Thank you.

**Ye-Kyoung Kim, Ph.D.**
P.O. Box 5007
Mangilao, Guam 96923
Current Cell Phone: (+82) (10) 9550-4803, South Korea
Email: yekyoung_kim@yahoo.com

On Friday, January 7, 2022, 01:31:55 PM GMT+9, DARLENE SANTOS BLAS <dblas@triton.uog.edu> wrote:

Hafa Adai!

Thank you for the update.

The same information was provided during my conversation via phone with Dr. Kim yesterday.  Dr. Kim did confirm that she will complete and submit the EEO Charge Statement via email.

Ms. Elaine is aware of circumstances; therefore, action will be taken when we receive the EEO Charge Statement documents.

Si Yu'os ma'åse',

Darlene S. Blas
*Personnel Specialist I*

**EEO/ADA & TITLE IX OFFICE**
**Dorm 2, Iya Hami Hall, Room #104**
Office: +1 (671) 735-2244  | Fax: +1 (671) 734-0430  | TTY: +1 (671) 735-2243
dblas@triton.uog.edu



https://www.uog.edu/administration/administration-finance/human-resources/eeoadatitle-ix-office

*The University of Guam is an equal opportunity provider and employer.*

CONFIDENTIALITY STATEMENT: This message is from the University of Guam and contains information which is privileged and confidential and is solely for the use of the intended recipient. If you are not the intended recipient, any review, disclosure, copying, distribution, or use of the contents of this message is strictly prohibited. If you have received this transmission in error, please destroy immediately.

This email message (including any attachments) is for the sole use of the intended recipient(s) and may contain confidential information covered under the Family Educational Rights & Privacy Act (FERPA). If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message (including any attachments) is strictly prohibited. If you have received this message in error, please destroy all copies of the original message (including attachments) and notify me immediately by email or phone. Thank you.

**From:** JOSEPH B GUMATAOTAO <gumataotaoj@triton.uog.edu>
**Sent:** Friday, January 7, 2022 1:03 PM
**To:** HR Support <hr_support@uguam.uog.edu>; Ye-Kyoung Kim <yekyoung_kim@yahoo.com>
**Cc:** Elizabeth Flores <eflores@triton.uog.edu>; Donna Y. Lujan <dylujan@triton.uog.edu>; Eliza Soriano <esoriano@triton.uog.edu>; EEO-ADA <eeo-ada@triton.uog.edu>; DARLENE SANTOS BLAS <dblas@triton.uog.edu>
**Subject:** Re: Your University of Guam Application

Hafa adai, Dr. Kim:

You may address your concern to Ms. Elaine Gogue with the Unieristy's EEO Office. I've copied her herein along with Ms. Darlene Blas to track any submissions you may send over to said office.

--
*Senseramente,*



**Joseph B. Gumataotao**
*Acting Chief Human Resources Officer*

**Administration & Finance**
Office: +1 (671) 735-2352
gumataotaoj@triton.uog.edu
https://www.uog.edu/administration/administration-finance/human-resources/

*The University of Guam is an equal opportunity provider and employer.*

CONFIDENTIALITY STATEMENT: This message is from the University of Guam and contains information which is privileged and confidential and is solely for the use of the intended recipient. If you are not the intended recipient, any review, disclosure, copying, distribution, or use of the contents of this message is strictly prohibited. If you have received this transmission in error, please destroy immediately.

This email message (including any attachments) is for the sole use of the intended recipient(s) and may contain confidential information covered under the Family Educational Rights & Privacy Act (FERPA). If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message (including any attachments) is strictly prohibited. If you have received this message in error, please destroy all copies of the original message (including attachments) and notify me immediately by email or phone. Thank you.

**From:** Ye-Kyoung Kim <yekyoung_kim@yahoo.com>
**Sent:** Friday, January 7, 2022 12:26 PM
**To:** HR Support <hr_support@uguam.uog.edu>; JOSEPH B GUMATAOTAO <gumataotaoj@triton.uog.edu>
**Cc:** Elizabeth Flores <eflores@triton.uog.edu>; Donna Y. Lujan <dylujan@triton.uog.edu>; Eliza Soriano <esoriano@triton.uog.edu>
**Subject:** Re: Your University of Guam Application

[EXTERNAL EMAIL - Please use caution when opening attachments or clicking links.]

January 7, 2022

Joseph Gumataotao
Acting Chief Human Resources Officer

Re: EEO/ADA & TITLE IX CHARGE STATEMENT and EEO Administrator

Mr. Joseph Gumataotao:

Thank you for your email. I am in the process of filing an EEO complaint by using the form, EEO/ADA & TITLE IX CHARGE STATEMENT, which is available and downloaded on the University's website on January 7, 2022 at https://www.uog.edu/administration/administration-finance/human-resources/eeoadatitle-ix-office#Documents---Resources

I know that Acting Director and EEO & Title IX Office ADA Coordinator in the EEO & Title IX Office, Mr. Gamboa Larry passed away. Can you please identify who is EEO Administrator in charge of reviewing my EEO/ADA & TITLE IX CHARGE STATEMENT form and investigating this EEO complaint? I would like to know the name and office phone number and email address of the person responsible for the duties.

Si Yu'os Ma'ase.

Sincerely,

**Ye-Kyoung Kim, Ph.D.**
P.O. Box 5007
Mangilao, Guam 96923
Current Cell Phone: (+82) (10) 9550-4803, South Korea
Email: yekyoung_kim@yahoo.com

On Thursday, December 2, 2021, 10:35:05 AM GMT+9, JOSEPH B GUMATAOTAO <gumataotaoj@triton.uog.edu> wrote:

Hafa adai, Dr. Kim:

This is to confirm receipt of your email. We appreciate your interest in the University of Guam. As noted in our non-selection notice, we were fortunate to receive a number of well qualified candidates for the position. However, another candidate was selected.

Based on your email I am unable to ascertain what EEO cause of action is in question. If you wish to pursue an EEO claim, you may contact our EEO office at 671-735-2244 or email: eeo-ada@triton.uog.edu

--
*Senseramente,*



**UNIVERSITY OF**
**GUAM**
UNIBETSEDÅT GUÅHAN

**Joseph B. Gumataotao**
*Acting Chief Human Resources Officer*

**Administration & Finance**
Office: +1 (671) 735-2352
gumataotaoj@triton.uog.edu
https://www.uog.edu/administration/administration-finance/human-resources/

*The University of Guam is an equal opportunity provider and employer.*

CONFIDENTIALITY STATEMENT: This message is from the University of Guam and contains information which is privileged and confidential and is solely for the use of the intended recipient. If you are not the intended recipient, any review, disclosure, copying, distribution, or use of the contents of this message is strictly prohibited. If you have received this transmission in error, please destroy immediately.

This email message (including any attachments) is for the sole use of the intended recipient(s) and may contain confidential information covered under the Family Educational Rights & Privacy Act (FERPA). If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message (including any attachments) is strictly prohibited. If you have received this message in error, please destroy all copies of the original message (including attachments) and notify me immediately by email or phone. Thank you.

**From:** Ye-Kyoung Kim <yekyoung_kim@yahoo.com>
**Sent:** Wednesday, December 1, 2021 4:00 PM
**To:** HR Support <hr_support@uguam.uog.edu>
**Cc:** JOSEPH B GUMATAOTAO <gumataotaoj@triton.uog.edu>; Elizabeth Flores <eflores@triton.uog.edu>; Donna Y. Lujan <dylujan@triton.uog.edu>; Eliza Soriano <esoriano@triton.uog.edu>
**Subject:** Re: Your University of Guam Application

[EXTERNAL EMAIL - Please use caution when opening attachments or clicking links.]

December 1, 2021

Joseph Gumataotao
Acting Chief Human Resources Officer

Re: Position of Associate Director of Global Learning and Engagement in the GLE Office at UOG (#107-21)

Dear Mr. Gumataotao:

Hafa Adai. Thank you for your email. As a former UOG employee for several years and a resident of Guam, as well as someone who applied for the position of Associate Director of UOG's Global Learning and Engagement Office (#107-21), I have determined to write this email to address some serious concerns regarding the practice of the employment process at the University of Guam in terms of Equal Employment Opportunity.

You stated in your email below, "Upon much deliberation, another candidate has been selected. The university was extremely fortune to receive responses from a number of a well qualified candidates for the position."

I propose that the selection process for the position was not based upon much deliberation. UOG failed to meet the EEO burden.

This judgment is based on my experience with the application process with the GLE Office. (Certainly, I do not know how many other candidates have gone through the troubling EEO issues) After spending time on my application in August, including requesting letters of references to several professionals, I received emails from GLE Office personnel, Leena Nuque, program assistant and Carlos Taitano, Director in the GLE Office in a separate email, on October 28, 2021, Guam Time. Each of them in their emails notified me that my Zoom interview was scheduled (tomorrow) on October 29, Guam Time. (see below Ms. Nuques' and Mr. Taitano's email that are copied blow). As a matter of fact, both of their emails did not even even address the name of the email recipient (e.g., my first or last name)

By replying to the request made in the email from Mr. Taitano (see below), I called him at his office on October 28 (in the afternoon that day) to confirm my schedule on the following day, October 29. On the phone, I asked him how long the interview was going to take. He said it was about 25 minutes. In fact, the interview took place 1 hour.

During the Zoom interview (with a presence of an EEO officer online as well), I had a serious headache related to having gone through the less than normal, professional interview processes, such as their ways of scheduling an interview date with a potential employee, clocking the interview questions, and never mentioning/calling the name of a candidate for a professional position at the institution of higher education. More importantly, the potential candidate was not allowed to address EEO concerns to EEO officers before/on the interview due to the constrained preparation time.

I have now come to learn, through the Google search, that a person who has worked in the GLE Office was promoted to the position in the office. (for the interview, Mr. Taitano who was the supervisor of the 'selected person' in the office was included in the panel).

Based on these experience and observation, I propose that UOG does not treat their potential employees equally in all aspects of their jobs and this practice failed to meet the EEO law.

Si Yu'os Ma'ase.

Sincerely.

**Ye-Kyoung Kim, Ph.D.**

P.O. Box 5007
Mangilao, Guam 96923
Current Cell Phone: (+82) (10) 9550-4803, South Korea
Email: yekyoung_kim@yahoo.com


On Wednesday, October 27, 2021, 08:27:29 AM GMT+9, GEENA ALYANNA NUQUE
<nuqueg@triton.uog.edu> wrote:


Hafa Adai,

This is Geena Nuque from University of Guam Global Learning and Engagement Office.

Below you will find the schedule information and the link for the Associate Director Interview:

Date: **Thursday, October 28, 2021**
Time: **10:30 AM (Guam Time)**

You can either join by clicking the link below:
**https://us02web.zoom.us/j/89892177971**

OR by typing in the Meeting ID: **898 9217 7971**

Please be advised that you will be put in the waiting room until it is your time for the interview.

Should you have any questions or concerns, please feel free to contact us at 671-735-2600. Thank you
and have a great day!


--
Si Yu'os ma'åse',



**Geena Alyanna P. Nuque**
*Program Assistant*

**Global Learning & Engagement**
Office: +1 (671) 735-2600/1 nuqueg@triton.uog.edu
https://www.uog.e


On Tuesday, November 30, 2021, 10:21:28 AM GMT+9, hr_support@uguam.uog.edu
<hr_support@uguam.uog.edu> wrote:


Dear Ye-Kyoung Kim,

Thank you for your interest in employment with the University of Guam, Global Learning and Engagement. The
University was extremely fortunate to receive responses from a number of well qualified candidates for the position of

Associate Director, Global Learning and Engagement, Announcement #107-21. Upon much deliberation, another candidate has been selected.

We appreciate and thank you for the time you spent applying and interviewing for this position. We wish you success in future endeavors.

Sincerely,

JOSEPH B. GUMATAOTAO

Acting Chief Human Resources Officer

----------------------------------------------------------------

On Wednesday, October 27, 2021, 07:13:15 AM GMT+9, CARLOS RAYMOND TAITANO <ctaitano@triton.uog.edu> wrote:

Hafa Adai!

I am writing in response to your application to the Associate Director of GLE. I tried reaching out to via phone to schedule your interview, but the number provided is not working. Please return my call to confirm the time for tomorrow's interview. It will be held virtually via zoom. I will provide the link once I speak with you.

Best regards,

**Carlos R. Taitano, PMBA, CPP**
Director

**University of Guam**
**Global Learning and Engagement**
UOG Station | Mangilao, Guam 96923
tel: +1 671 735-2600/1 | fax: +1 (671) 734-1233 | email: ctaitano@triton.uog.edu

**'Attachment 14'**

The UOG Policy for EEO and Non-Discrimination/Non-Harassment, established on July 17, 2003, and amended on September 18, 2003, outlines the procedures for handling complaints

# POLICY FOR EQUAL EMPLOYMENT OPPORTUNITY AND NON-DISCRIMINATION / NON-HARASSMENT

**The University of Guam Policy for Equal Employment Opportunity and Non-Discrimination / Non-Harassment was adopted on July 17, 2003, as Board of Regents Resolution #03-24 and replaces Article VI.H of the Rules, Regulations and Procedures Manual, and was amended by Board of Regents Resolution #03-33, which was adopted on September 18, 2003.**

**Intent:** The University is committed to maintaining the campus community as a place of work and study for faculty, staff and students, free of all forms of discrimination and harassment that are unlawful under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq., or other applicable law. The University prohibits unlawful discrimination or harassment against any member(s) of the University community including faculty, student-employees, staff and administrators and applicants for such positions. Students (including student-employees) should also review the policies as summarized in the student handbook, and faculty should consult the faculty collective bargaining agreement. In case of questions or concerns regarding this Policy, please contact the University's Equal Employment Opportunity Office, (671) 735-2244, 735-2243 (TDD); Office of the President, UOG Station, Mangilao, Guam 96923, (671) 735-2990/5; or the University's Senior Vice President, Academic and Student Affairs Office, (671) 735-2991/4.

**No Discrimination/No Retaliation:** The University is an equal opportunity employer and is firmly committed to non-discrimination in its hiring, termination, compensation, promotion decisions and in all other employment decisions and practices and in the application of its personnel policies and collective bargaining agreements. In compliance with all applicable laws, except where a ***bona fide*** occupational qualification exists, employment decisions will be made irrespective of the employee's or applicant's race, color, religion, religious creed, national origin, age (except for minors), disability, sexual orientation, gender, citizenship status, military service status, and/or any other status protected by law. This policy prohibits retaliation because one has in good faith filed a complaint concerning behavior prohibited by this policy, or has reasonably opposed, reported or stated the intent to report such behavior or is participating in a related investigation, proceeding or hearing regarding such a matter.

All members of the University community must comply with this policy. The University will take prompt and effective corrective action in response to any complaint showing a violation of this policy. The University will reasonably accommodate qualified individuals with disabilities as defined by federal law if the individual is otherwise qualified to safely perform all essential functions of the position and if it will be done without undue hardship to the University.

The University's policy is supported by, and consistent with federal law. This policy thus accepts the mandate set for in Titles VI and VII of the Civil Rights Acts of 1964 and Title IX of the Educational Amendments of 1972.

**No Harassment:** Harassment based on race, sexual orientation, gender, national origin, color, religion, religious creed, age, disability, citizenship status, military service status, or any other status protected by law, is prohibited by University policy. Prohibited harassment in any form, including verbal and physical conduct, visual displays, threats, demands and retaliation is a violation of this policy and will not be tolerated. Prohibited acts that constitute harassment take a variety of forms. Examples of the kinds of conduct that may constitute harassment include, but are not limited to:

1

- Verbal conduct such as epithets, derogatory comments, slurs, or unwanted sexual advances, invitations, or comments;

- Visual conduct such as derogatory posters, photography, cartoons, drawings or gestures;

- Physical conduct such as unwanted touching, blocking normal movement, or interfering with work because of gender or any other status protected by law;

- Threats and demands to submit to sexual requests in order to keep your job or avoid some other loss, and/or offers of job benefits or conditions in return for sexual favors;

- Retaliation in the form of adverse actions because one has opposed, reported or stated the intent to report harassment or because one is participating in a related investigation, proceeding or hearing.

**Sexual Harassment:** Sexual harassment is a specific form of prohibited harassment which occurs when an individual's behavior constitutes (1) unwelcome sexual advances or (2) unwelcome requests for sexual favors, or (3) other unwelcome verbal or physical behavior of a sexual nature where:

- Submission to such conduct is made explicitly or implicitly a term or condition of an individual's education or employment; or

- Submission to, or rejection of, such conduct by an individual is used as the basis for academic or employment decisions affecting the individual's welfare; or

- Such conduct has the purpose or effect of unreasonably interfering with an individual's welfare, academic, residential life or work performance, or creates an intimidating, hostile, or offensive educational, living or work environment at the University.

## Complaint Review Process:

**In General:** The University encourages individuals who believe they may have experienced discrimination or harassment in violation of University policy, or is aware that another person has allegedly engaged in such discrimination or harassment, to report such information using this complaint process. It is expected that review of these matters will begin expeditiously and that complaints will be resolved promptly and ordinarily no later than 45 days from receipt of the complaint. Confidentiality will be maintained to the extent appropriate in consideration of the circumstances. In addition to these procedures, complaints may be filed with the Equal Employment Opportunity Commission (EEOC) at the Hawaii District Office, Honolulu Office, Prince Kuhio Federal Building, 300 Ala Moana Blvd., Rm 7-127, Honolulu, HI 96850-0051, and the Office of Civil Rights of the US Department of Education at Federal Building, 50 United Nations Plaza, Room 239, San Francisco, CA 94102.

**Intake:** Complaints may be made in the following ways: An individual ("Complainant") may present the complaint to the University EEO officer, a University EEO counselor (collectively, "University intake person"), or to an administrator or officer of the University in the reporting relationship above the complaining individual or one who is above the person about whose

2

behavior the complaint is made. A list of the available University intake persons and their phone numbers is contained on the University web site. Wherever possible, the complaint should be made in writing and as soon as possible after the Complainant becomes aware of the prohibited behavior. If the Complainant declines to present a complaint in writing, the University intake person or the other University administrator or officer who receives the complaint will prepare a memorandum of the complaint made in oral fashion and in all situations promptly notify the University's EEO officer of the filing of the complaint, unless the complaint is against the University's EEO officer. Should the Complainant choose not to file a complaint with these persons, he/she may bring the complaint to the University's Senior Vice President or any vice president, dean or other senior University administrator, and should reference the matter wherever possible as arising under the University Policy for Equal Employment Opportunity and Non-Discrimination/Non-Harassment. The University's EEO officer shall be responsible to see that the Complaint is handled in the manner prescribed in this Policy, unless the complaint is against the University's EEO officer, in which case the University's Senior Vice President shall do so.

The University's EEO officer will inform the Complainant and where appropriate, the person whose conduct is alleged to violate the policy ("Respondent"), of this Policy, the procedures for resolution and the administrator or officer of the University who will be responsible for a final determination of the complaint ("decision maker"). The selection of the decision maker will be made with consideration of the reporting and/or academic relationships of the Complainant, Respondent and others involved. It is not possible to prescribe in advance the identity of the decision maker in all situations, given the unique organization of academic institutions.

**Process:** The Complaint will be reviewed, generally by the University's EEO officer, and resolved according to this policy, including that an investigation will be conducted if one is warranted. If the complaint is against the University's EEO officer or an individual in supervision over the EEO officer, the University will designate an individual independent of the University and who is not employed by an entity of the government of Guam, who is trained and experienced in EEO matters, to conduct the investigation if one is warranted and/or otherwise appropriately inquire into the complaint. Any investigation will proceed expeditiously and appropriately to investigate the matter, including interviews of individuals, if necessary, and a written summary of the facts relevant to the complaint will be prepared and, if any, the recommended corrective action.

**Resolution:** The University shall take prompt and effective action in response to the complaint. The decision maker will make a determination of the complaint in a manner consistent with the particular facts and circumstances of the complaint.

If the decision maker finds that the complaint in whole or in part shows a violation of the University policy, the decision maker shall determine what corrective action is appropriate and including, where appropriate, disciplinary action of the Respondent or others. Violations of this policy may result in disciplinary action such as warning, suspension or termination from employment or of any other affiliation with the University, etc. The decision maker may determine that the complaint does not show a violation of the University policy. If so, the decision maker shall so inform the Complainant and Respondent.

The decision maker will prepare a written summary of his/her determination. After the determination regarding the complaint has been made, to the extent appropriate the determination will be communicated in person to the Complainant within 5 days if the Complainant is available to meet.

**Non-Retaliation:** No member of the University community may be subjected to interference, coercion or reprisal for seeking advice concerning a matter under this Policy, reasonably filing a complaint, or otherwise in good faith participating in the internal complaint process or in a complaint process external to the University. The University will not so retaliate against any person making a complaint and will not knowingly permit retaliation.

**Appeal of Discipline:** Respondents or others who receive disciplinary action as a result of a complaint under this process may appeal under the provisions of the appropriate grievance procedures, if any, for faculty, staff, and students.

**Other University Procedure:** Time periods for filing of complaint, investigation and resolution should be advanced if proceedings under University collective bargaining agreements or other University procedures so warrant it.

## TITLE IX COMPLIANCE STATEMENT

The University of Guam does not discriminate on the basis of sex in the admission to or employment in its education programs or activities. Inquiries concerning the application of Title IX and its implementing regulations may be referred to the University's Title IX Coordinator, located at the EEO/ADA Office, Dorm 2, Iya Hami Hall, Room 106, Tel. No. 735-2244, TDD: 735-2243; or to the Office of Civil Rights (OCR).

4