

Office of the Attorney General
Douglas B. Moylan
Attorney General of Guam
590 S Marine Corps Drive
ITC Bldg., Ste 801 • Tamuning, Guam 96913 • USA
671-475-3406 • 671-477-3390 (fax)
efile@oagguam.org • www.oagguam.org
Office of the Attorney General Counsel for Defendants

IN THE DISTRICT COURT OF GUAM

| YE-KYOUNG KIM, | ) | CIVIL CASE NO. 23-00026 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | COVER SHEET FOR THE PARTIES |
| v. | ) | COMPETING SCHEDULING AND |
| | ) | CONFERENCE REPORT |
| UNIVERSITY OF GUAM, et.al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

COMES NOW, Office of the Attorney General, counsel for the Defendants, who hereby

Provides the Plaintiff's scheduling and conference report and the Defendant's version of the

scheduling and conference report. The Defendants, through counsel, received the Plaintiff's

scheduling report on February 5, 2024. The parties do not seem to be in agreement at this time.

Case 1:23-cv-00026   Document 37   Filed 02/06/24   Page 1 of 30

Once the Defendant's received the Plaintiff's report did it became clear that the parties reports are different and that it would seem appropriate to provide both reports to the Court for review. Respectfully submitted this 6th day of February, 2024 by:

OFFICE OF THE ATTORNEY GENERAL

Douglas B. Moylan, Attorney General of Guam

GRAHAM BOTHA
Deputy Attorney General

WILLIAM B. POLE
Special Assistant Attorney General

Certificate of service

I hereby certify that on Tuesday, February 6, 2024, I electronically transmitted this Cover sheet ant attached proposed rule 16 Discovery Plans to the Clerk to the Court using the ECF System for filing and transmitting a Notice of Electronic Filing to All ECF registrants and to the pro se Plaintiff at the following email: yekyoung_kim@yahoo.com

William B. Pole, Esq.,
Special Assistant Attorney General

# Cover Sheet for
# **PLAINTIFF'S**
# SCHEDULING AND
# PLANNING
# CONFERENCE
# REPORT

YE-KYOUNG KIM
Misa ShinAn Apt. 3207-2304
Hanam, Kyung-kee, 12924 South Korea
Phone: (+82) 10-9550-4803
Email: yekyoung_kim@yahoo.com

*Appearing as Pro Se Plaintiff*

IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| YE-KYOUNG KIM, | ) | **CIVIL CASE NO. 23-00026** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **SCHEDULING AND PLANNING** |
| v. | ) | **CONFERENCE REPORT** |
| | ) | |
| UNIVERSITY OF GUAM, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**I. Meeting.** In accordance with Rule 26(f) of the Federal Rules of Civil Procedure and the Civil Local Rules (CVLR) 16-1 for the District Court of Guam, a meeting was held on January 31, 2024 and attended by Ye-Kyoung Kim (Plaintiff, self-represented), Graham Botha (Deputy Attorney General, co-representative of Defendants), and William B. Pole (Special Assistant Attorney General, co-representative of Defendants). Both parties reached an agreement that the plaintiff takes the lead in compiling and filing the joint Scheduling and Planning Conference Report (the Report) and the content of the Report would be based on their respective positions.

**II. Disclosures.** The information required by Fed. R. Civ. P. 26(a):

**Plaintiff:**

In compliance with the requirements of Fed. R. Civ. P. 26(a), the plaintiff acknowledges the following regarding initial disclosures:

A. ☐ Has been exchanged by the parties.

B. ☒ Will be exchanged by the parties on or before April 4, 2024

This exchange will include, but is not limited to, the following:

(1) A copy or a description by category and location of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses.

(2) A computation of each category of damages claimed by the disclosing party, making available for inspection and copying the documents or other evidentiary material on which each computation is based, including materials about the nature and extent of injuries suffered.

(3) Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**Defendants:**

The parties that discovery should move forward, and that information required by Fed.R.Civ.P. 26(a) should be exchanged on or before March 6, 2024 or 15 days after the first scheduled Discovery conference in this case.

**III. Nature and Basis of Claims and Defenses:**

**Plaintiff:**

A. The basis and nature of the case is as follows:

1. Basis of Plaintiff's Claims:

- Legal Grounds:

Ye-Kyoung Kim, representing herself as the plaintiff, initiated a civil lawsuit (Case No. 23-00026) on November 21, 2023, in the District Court of Guam against the University of Guam (UOG) and its six senior officials. The lawsuit alleges employment discrimination under Title VII of the Civil Rights Act and the Age Discrimination in Employment Act. These claims cite discrimination, harassment, and retaliation based on race, national origin, and age.

• Administrative Procedure Compliance:

Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) on April 28, 2022, and received a Notice of Right to Sue on August 25, 2023, stating that while the EEOC would not proceed further with its investigation, this does not imply the claims lack merit or certify the respondent's compliance with statutes.

2. Nature of Plaintiff's Claims:

• Relevant Facts:

I am a Korean woman, a citizen of the Republic of Korea, 55 years old, and a non-native English speaker. When I applied for the position of Associate Director of Global Learning and Engagement (GLE) Office at the University of Guam in August, 2021, I was 53 years old. I earned a PhD in Education from Ohio State University in 2006. I have over 20 years of combined experience in teaching, research, service, and leadership in education in the U.S. and internationally and I have over 20 published works in English.

On September 10, 2009, I filed an EEOC charge against UOG based on race, national origin, and sex where I was the first Korean female professor on the TESOL and IT Faculty. The claim was resolved in a settlement agreement on January 12, 2010.

Case 1:23-cv-00026   Document 37   Filed 02/06/24   Page 6 of 30

On August 26, 2021, I applied for the position of Associate Director of GLE. Despite being well-qualified and a former employee at UOG, the plaintiff was overlooked for the position. Instead, the university selected a considerably younger individual of Chamorro, Pacific Islander descent, Ms. Amanda Blas. This individual, who does not hold a doctoral degree, reportedly possesses credentials that do not meet the university's established standards. There are concerns that the selection decision was influenced by members of the search committee who share an ethnic background with the chosen candidate and are allegedly involved in conflicts of interest. This selection appears to have favored a candidate lacking the requisite professional qualifications. The complexity of the case is heightened by the fact that this individual not only received a promotion within the GLE office, integrating her previous role with the new one but also obtained a substantial 42% salary increase within a mere 30 months of her employment at UOG. These actions raise serious concerns about the university's adherence to ethical, fair, and merit-based hiring and promotional practices (see ECF No. 1)

- Allegations:

The following list identifies some of the allegations and liability of university officials in employment discrimination cases under Title VII of the Civil Rights Act and the Age Discrimination in Employment Act (see ECF No. 31).

(1) <u>Pattern of Discriminatory Practices</u>: The Plaintiff's tenure at the University of Guam since August 2007, as the first Korean female professor in the TESOL and IT Faculty, was characterized by consistent racial and national origin discrimination. This manifested in systemic disparities in promotion, benefits allocation, and preferential treatment compared to non-Korean peers. Such discriminatory practices led to exclusion and unequal opportunities, violating employment laws against race and national origin discrimination, as well as retaliation.

(2) <u>Irregularities, Bias, and Neglect in Hiring Processes</u>: In the 2021 Global Learning and Engagement Office's Associate Director hiring at UOG, the Plaintiff faced blatant irregularities: rushed interviews, opaque procedures, and quorum deficits, violating Title VII and ADEA standards. The ethnically uniform committee's bias, promoting an underqualified insider, indicates discriminatory practices and conflicts of interest, undermining fair employment principles

(3) <u>Retaliatory Actions</u>: Subsequent to the Plaintiff's formal complaints and EEOC charges against the University, a series of retaliatory actions were observed. These actions exacerbated a hostile work environment, further substantiating the claims of retaliation in violation of anti-discrimination laws.

(4) <u>Violations of University Policies and Federal Laws</u>: The University's failure to adhere to its own policies and federal laws is evident in multiple instances of the hiring (or promotion) process. These violations include but are not limited to the appointment of search committee members, final decision-making authority, and conflicts of interest among the individual defendants.

(5) <u>Procedural Anomalies, Irregularities, and Neglect</u>: The Plaintiff's experiences as an Invited Adjunct Professor between 2014-2017 and subsequent applications for various full-time positions at the University were consistently met with administrative neglect, lack of guidance, and procedural irregularities. These conditions indicate a discriminatory environment and a disregard for fair employment practices.

(6) <u>Exclusionary, Preferential, and Unequal Treatment</u>: The Plaintiff's repeated unsuccessful attempts to secure full-time positions at the University between 2014-2021, despite extensive qualifications and contributions to the University, suggest a pattern of exclusion and

inequality and preferential treatment of other candidates based on race, national origin, and age.

(7) Conflict of Interest: Conflicts of Interest in UOG Hiring: The defendants, closely connected as UOG alumni, formed a biased search committee for Global Learning and Engagement roles, exhibiting exclusion, biased practices, and preferential treatment. This compromised process, reflecting practical inequality and questionable decision-making, aligns with Title VII and ADEA violations, directly causing the alleged discrimination, essential in countering a motion to dismiss.

(8) Impartiality Breach in UOG Hiring: The rapid promotions at UOG, led by unqualified directors Mr. Taitano (GLE director) and Ms. Moore-Linn (Former GLE director), violated university and impartiality policies. Familial ties within the committee, especially Dr. Hattori-Uchima's connections, suggest nepotism and integrity breaches, indicating potential Title VII and ADEA employment discrimination. The committee's composition raised serious concerns of partiality, notably including the presence of Dr. Sharleen Santos-Bamba, an esteemed alumnus, further complicated the matter as her doctoral dissertation advisor was the elder sister of Dr. Hattori-Uchima, a respected professor of Chamorro studies at UOG.

(9) Compromised Hiring Integrity Due to Familial Ties: The GLE Search Committee's intricate familial connections, especially between Dr. Sharleen Santos-Bamba and the Hattori-Uchima sisters, raise serious concerns about the impartiality and integrity of the hiring process. This scenario, fraught with questionable qualifications and relationships, not only undermines procedural integrity but also points to potential employment discrimination and retaliation based on race and national origin, warranting a comprehensive legal review under Title VII and ADEA.

(10) Nepotism and Favoritism Violating EEO Standards: The presence of nepotism and favoritism within the committee, as evidenced by close familial ties, directly contravenes

University policies and federal EEO standards. These practices indicate a clear breach of the principles of fair and equitable employment, necessitating legal action to investigate and rectify possible violations of Title VII and ADEA.

(11) Persistent Discriminatory Practices and Policy Breaches: The plaintiff highlights a sustained pattern of discriminatory practices by the defendants, including biased hiring, favoritism, and retaliatory actions that violate both university policies and federal laws. This pattern, which breaches the terms of a previous EEOC mediation settlement, has caused considerable professional and personal harm to the plaintiff, indicative of ongoing violations under Title VII and ADEA.

(12) Systematic Exclusion in Employment Opportunities: From 2014 to 2021, despite possessing extensive expertise and qualifications, the plaintiff's repeated attempts to secure full-time positions at UOG were met with consistent failure, including a lack of interview opportunities. This concerning pattern of disregard, potential bias, and discrimination, including workplace harassment and retaliation, reflects a systemic issue in UOG's hiring and promotion practices across various units, suggesting a deep-rooted problem under Title VII and ADEA.

(13) Ethnic Nepotism and Confidentiality Breaches: The allegations against Mr. Joseph Gumataotao at the University of Guam underscore severe Title VII and ADEA violations, notably ethnic nepotism in the GLE Associate Director hiring process, violating UOG's fair hiring standards. Moreover, Gumataotao's handling of sensitive information, breaching confidentiality, further undermines trust and integrity in university operations.

(14) Neglect in EEO Handling and Disregard for Guidelines: Gumataotao's failure to effectively address an EEO complaint, especially following the EEO Director's death, points to a neglect of duty and procedural lapses. These actions collectively reflect a clear disregard for

nondiscrimination and harassment guidelines, potentially implicating the University in significant liability under federal employment laws.

(15) <u>Breach of University Policy and Fair Employment Standards</u>: UOG General Counsel, Mr. Anthony Camacho's EEOC statement highlights a significant breach of University Board of Regents policy and fair employment standards in UOG's GLE Associate Director selection. The committee's overemphasis on interview performance, ignoring other crucial qualifications, notably disregarded the only candidate with a relevant doctoral degree and extensive experience, suggesting a profound lapse in UOG's hiring integrity.

(16) <u>Qualifications Overlooked Implying Discrimination and Need for Legal Action</u>: The restricted evaluation method, documented in over 400 pages of FOIA records, not only undermines the integrity of UOG's hiring process but also suggests potential employment discrimination, harassment, and retaliation based on race, national origin, and age. This flagrant violation of university policies and federal laws, further substantiated by the complainant's acquisition of crucial FOIA documents, calls for immediate judicial scrutiny and legal intervention.

(17) <u>Conflict of Interest in Committee Appointments and Discriminatory Practices</u>: The Plaintiff's Complaint reveals a significant conflict under Title VII of the Civil Rights Act at the University of Guam, where Dr. Anita Borja Enriquez, in her dual role as Senior Vice President and Provost (now President), appointed members to the GLE Search Committee who are now involved in discriminatory employment practices. This situation highlights a paradox in her responsibilities and suggests a breach of the required standards for fair and impartial employment practices.

(18) <u>Compromised Impartiality in EEO Adjudication:</u> Further complicating matters, Dr. Enriquez's role in adjudicating EEO complaints, which necessitates impartiality, is called into question due to her involvement in the appointment process. Her dual capacity raises serious concerns about her ability to objectively handle sensitive EEO issues, thereby undermining the integrity and credibility of the university's processes for resolving such vital employment matters.

(19) <u>EEOC Charge:</u> On April 28, 2022, the Plaintiff filed a charge of employment discrimination, harassment, and retaliation against the Defendants with the U.S. Equal Employment Opportunity Commission in this matter (EEOC Charge No. 486-2022- 00620).

(20) <u>EEOC Notice of Right to Sue:</u> On August, 25, 2023, the EEOC issued a notice of right to sue to the Plaintiff, stating that while the EEOC would not proceed further with its investigation, this does not imply the claims lack merit or certify the respondent's compliance with statutes.

(21) <u>FOIA Evidence of Discriminatory Hiring Practices:</u> Over 400 pages of Freedom of Information Act (FOIA) documents reveal restrictive evaluation methods in UOG's hiring processes, indicating grave violations of hiring integrity and suggesting potential employment discrimination, harassment, and retaliation. These findings, implicating both Title VII and ADEA violations, highlight a significant breach of university policies and federal laws.

(22) <u>Need for Judicial Scrutiny and Legal Action:</u> The procurement of these FOIA records, particularly after receiving a right-to-sue letter from the EEOC, underscores the urgency for thorough judicial examination. This evidence necessitates immediate legal intervention to address and rectify the critical issues of discriminatory practices and policy violations at UOG.

B.  The posture of the case, including hearings and motions is as follows:

1. Defendants' Representation (December 11, 2023): The Office of Attorney General appeared as counsel for the defendants. A FRCP Rule 12(b)(6) Motion to Dismiss the Plaintiff's Complaint was filed but lacked required documents per Civil Local Rule 12.

2. Plaintiff's Counteractions: Request for Entry of Default (December 21, 2023): Filed due to defendants' failure to meet procedural requirements (ECF No. 29).

3. Opposition to Motion to Dismiss (January 2, 2024): The plaintiff filed a comprehensive opposition to the defendants' motion to dismiss.

4. Response to Defendants' Objection (January 18, 2024): Filed to reaffirm the Request for Entry of Default based on defendants continued procedural non-compliance (ECF No. 35).

5. Pro Se Representation Challenge: As a self-represented plaintiff in Guam, I have navigated EEOC investigations and court litigation for two years, underscoring my persistent but unsuccessful efforts to secure legal representation from the Guam Bar Association and the Office of Attorney General. Despite meticulously following procedural protocols and strategically countering defendants' actions, the case's complexity and the specialized nature of federal civil litigation in academic employment law emphasize the critical necessity for expert legal counsel.

6. Scheduling and Planning Conference by the Plaintiff and Defendants: The conference was conducted via videoconferencing on January 31, 2024 at 11:45 am-12:00 pm (Guam time). The plaintiff initiated contact for a conference to meet, confer, and prepare the (Joint); Scheduling and Planning Report (the Report); took the lead in compiling and filing the Joint Report and the Report was filed on February 5, 2024 mandated by federal rules FRCP 16(b), 26(f), and local rules CVLR 16-1 and 26.

7. Scheduling Conference: Set to be heard via videoconferencing before the Magistrate Judge Michael J. Bordallo on February 20, 2024 at 9:45 am to 10:00 am.

**Defendants**:

A. The nature of the case is as follows: The Plaintiff pro se has filed a complaint for a Title VI Violation, a ADEA claim, and an EEOC Complaint.

B. Defendants

I. Defendants deny there is sufficient facts to make a Tile VII and ADEA Claims.

II. Defendant denies there is sufficient facts plead to show discrimination.

III. Defendants deny there is jurisdiction to make the six defendants that are employees of the University of Guam Defendants.

IV. Defendants deny that there is any jurisdiction to hear any untimely claims.

V. Defendants deny that there is jurisdiction to hear any claims raised for the first time.

The Pro Se Plaintiff has filed the following motions:

1. Motion for entry of Default (ECF 29)

Defendant Government of Guam has filed the following motions:

1. Motion to Dismiss (ECF 18)

**IV.  Waiver of Pretrial Requirements:**

The parties request the court ☐ waive ☐ do not waive the pretrial requirements of CVLR 16-1(e) through (h).  (*If the request is made, the Scheduling and Planning Conference Report shall contain a comprehensive discovery schedule that will permit the trial to be set within six (6) months of the date of the Scheduling Conference.*)

**Plaintiff:**

The plaintiff requests the court ☒ do not waive the pretrial requirements of CVLR 16-1(e) through (h). Waiving these requirements might limit the depth of pretrial activities, which could

disadvantage the plaintiff, especially in a complex employment discrimination case where detailed discovery and preparation are crucial.

**Defendants:**

The parties request the court waive the pretrial requirements of CVLR 16-1(e)–(h).

**V. Discovery Plan:** The parties jointly propose to the court the following Discovery Plan.

**Plaintiff:**

A. The plaintiff expects that discovery will be needed on the following issues:

Plaintiff's Discovery Issues:

(1) Nature of Employment: Detailed information about the plaintiff's employment history with the defendant organization, including job titles, responsibilities, duration of employment, and any relevant communications or evaluations.

(2) Alleged Discriminatory Acts: Specific instances of alleged discrimination, including dates, locations, parties involved, and the nature of the discriminatory acts.

(3) Policies and Procedures: Documents pertaining to the employer's policies and procedures, especially those related to equal employment opportunities, harassment, and the process for filing and addressing complaints of discrimination.

(4) Witness Information: Identification of individuals (including potential witnesses) who may have knowledge relevant to the issues in the case.

(5) Adverse Employment Actions: Details of any adverse employment actions taken against the plaintiff, including demotions, denial of promotions, salary reductions, and termination, along with corresponding reasons given by the employer.

(6) Comparative Evidence: Information about similarly situated employees who were treated differently than the plaintiff, if applicable.

(7) Damages and Remedies: Documentation relating to the plaintiff's damages, including lost wages, emotional distress, and any other relevant financial or non-financial losses.

B.  Are there issues about preserving discovery information? ☒ Yes ☐ No.

Given the reliance on digital communication, it is crucial to preserve all relevant emails, internal communications, and electronic personnel records to prevent data loss or destruction.

C.  Disclosure or discovery of electronically stored information should be handled as follows:

Plaintiff proposes that Electronically Stored Information (ESI) be exchanged in commonly used formats (like PDFs for documents, JPEGs for images) and that both parties agree on a method for organizing and labeling these documents for easy identification.

D.  Claims of privilege or of protection of trial preparation materials.

1.  ☐ There is no indication that this will be an issue.
2.  ☐ The parties have entered into a confidentiality agreement.
3.  ☒ The parties will submit their proposed confidentiality agreement on or before: March 5, 2024

The Plaintiff proposes the execution of a confidentiality agreement by the established due date.

E.  Disclosure of expert reports:

1.  ☒ By all parties on or before: September 20, 2024
2.  ☐ By plaintiff(s) on or before:
3.  ☐ By defendant(s) on or before:
4.  ☒ Rebuttal reports on or before: October 21, 2024

F. Time for completing discovery:

    1. Fact discovery will be completed on or before: July 7, 2024

    2. Expert discovery will be completed on or before: August 7, 2024

    3. All discovery will be completed on or before: [August, 20, 2024] 8/20/2024.[1]

G. Optional Modifications on Discovery.

    1. ☒ The limitations contained in Fed. R. Civ. P. 26(b), 30, and 33 will apply except as indicated below. The plaintiff agrees with the standard limitations and has no additional requests.

    2. ☐ The maximum number of depositions by each party will not exceed.

        i. Depositions will not exceed (10) hours as to any deponent, keeping in line with Fed. R. Civ. P. 30(d)(1).

        ii. Depositions will not exceed (10) hours as to non-party deponents.

        iii. Depositions will not exceed will not exceed 10 hours as to party deponents.[2]

        iv. The maximum number of interrogatories posed by each party will not exceed (25).

        v. The maximum number of requests for admissions posed by each party will not exceed (25).

        vi. Other limitations:

_____

[1] Defined as the last day to file responses to discovery.

[2] Unless otherwise specified, the court will consider corporate officer, Rule 30(b)(6) witness, and expert witness depositions to be subject to the time limitation applicable to party depositions.

**Defendants:**

The Parties agree on moving forward discovery.

    A. In the event that neither parties motions are granted; the parties expect that discovery will be needed on the following issues:

        1. <u>Plaintiff pro se anticipates:</u>  The need for interrogatories, production of documents, and admissions concerning:

        Further, at a minimum plaintiff has identified the following individuals for possible depositions, which might then require additional discovery:

            a.    Other individuals as may be identified in discovery.

        2. <u>Defendants</u> Discovery anticipates taking plaintiff's deposition and other individuals as may be identified in discovery:

    B. Are there issues about preserving discovery information? ☐ Yes ☒ No.

    C. Disclosure or discovery of electronically stored information should be handled as follows:

    D. Claims of privilege or of protection of trial preparation materials.

        1. ☒ There is no indication that this will be an issue.

    E. Disclosure of expert reports:

        1. By all parties on or before: October 15, 2024.

        2. By plaintiff(s) on or before: September 3, 2024.

        3. By defendant(s) on or before: September 17, 2022.

        4. Rebuttal reports on or before: October 16, 2022.

    F. Time for completing discovery:

        1. Fact discovery will be completed on or before: November 8, 2024;

2. Expert discovery will be completed on or before: October 22, 2024;

3. All discovery will be completed on or before: November 2, 2024[1].

G. Optional Modifications on Discovery.

   1. The limitations contained in Fed. R. Civ. P. 26(b), 30, and 33 will apply except as indicated below;

      i. Depositions will not exceed two (2) hours as to any deponent per day, but as by agreement, for a total of seven hours per party[2.]

      ii. Depositions will not exceed two (2) hours as to non-party deponents per day, but as by agreement, for a total of seven hours per party.

      iii. Depositions will not exceed two 2 hours as to party deponents, per day, but as agreement of the parties, for a total of seven hours per party.[3]

      iv. The maximum number of interrogatories posed by each party will not exceed 40.

      v. The maximum number of requests for admissions posed by each party will not exceed 40.

      vi. Other limitations:

## VI. **Pretrial Motions**.

These deadlines should allow sufficient time for both parties to prepare and respond, while also considering the court's schedule.

**Plaintiff**:

   A. All motions to add parties shall be filed on or before April 20, 2024

   B. All motions to otherwise amend pleadings shall be filed on or before April 20, 2024

   C. All discovery motions shall be filed on or before August 20, 2024

   D. All dispositive motions shall be filed on or before November 20, 2024

**Defendants:**

A. All motions to add parties shall be filed on or before September 16, 2024.

B. All motions to otherwise amend pleadings shall be filed on or before September 16, 2024.

C. All discovery motions shall be filed on or before November 5, 2024.

D. All dispositive motions shall be filed on or before November 29, 2024.

VII. **Trial**.

**Plaintiff:**

A. The case is expected to take 4-5 days to try.

B. 1. A jury trial has been demanded. ☒ Yes ☐ No.
   2. The right to a jury trial ☒ is ☐ is not disputed.

C. The Plaintiff requested a trial date of [April 28, 2025] 4/28/2025.[3]

**Defendants:**

A. The case is expected to take 2 days to try.

B. Jury Trial

   1. The Plaintiff; pro se has asked for a Jury Trial

   2. There is no right to for a Jury Trial.

A. The Plaintiff request a trial date of February 13, 2025.

   1. That a Pretrial Conference be scheduled two weeks before trial.

   2. That two weeks before the scheduled pretrial conference that void ire, Proposed jury instructions, and trial brief of the parties be required.

---

[3] In no event shall the trial be later than eighteen (18) months after the complaint is filed, unless the Court otherwise allows).

VIII. **Other Provisions**:

**Plaintiff:**

A. ☒ The plaintiff does not request a conference with the court before the entry of a Scheduling and Planning Order. The plaintiff has been able to manage the key scheduling and planning elements of the case without the need for additional court intervention at this stage.

B. The disclosure requirements of Fed. R. Civ. P. 7.1, if applicable:

   1. ☐ Have been complied with.

   2. ☐ Compliance will be accomplished on or before.

   Not applicable.

C. Early settlement/alternative dispute resolution.

   1. ☐ The parties certify that they have complied with the provisions of CVLR Rule 16-2(c)(1).

   2. Do the parties wish to consider ☐ private mediation, ☐ arbitration, or settlement conference with a judicial officer of this court? ☐Yes ☒ No. If No, explain.

      Given the nature of the case and the issues at hand, the plaintiff believes that proceeding directly to trial will be the most effective method of resolving this dispute. The plaintiff initially demanded a jury trial for this reason. However, the plaintiff filed the request for an entry of default, reflecting the defendant's failure to respond or engage with the legal proceedings in a timely and appropriate manner.

D. The parties present the following suggestions for shortening trial.

   None.

E.  The following issues will also affect the status or management of the case:

As a dedicated plaintiff, I am fully prepared to take all necessary legal actions to protect my rights and interests, should the court decide against granting an entry of default. This commitment includes filing pertinent motions and exploring alternative remedies, all in the pursuit of a fair resolution. I place my trust in the court's recognition of the defendant's apparent neglect of legal principles such as fairness and accountability. The court's decision on the entry of default will significantly reflect on the enforcement of legal responsibilities in this process. I respectfully highlight the importance of this decision and assure the court of my unwavering determination to seek justice and take further legal steps as required.

**Defendants:**

A. Early settlement/alternative dispute resolution.

1. ☐ The parties certify that they have complied with the provisions of CVLR Rule 16-2(c)(1).

2. Do the parties wish to consider ☐ private mediation, ☐ arbitration, or ☒ settlement conference with a judicial officer of this court?  ☒ Yes ☐ No. If No, explain.

B. The parties present the following suggestions for shortening trial. None at this time.

C. The following issues will also affect the status or management of the case:

1. Request of Plaintiff would request to be allowed to amend complaint if Defense motions to dismiss would otherwise be granted.

2. Defendant Government of Guam plans to file a request for interlocutory relief if motions to dismiss are not granted.

DATED: _____  _____
                              YE-KYOUNG KIM

DATE: _____    _____
                         Botha Graham, Deputy Attorney General,
                         co-counsel for Defendants

DATE: _____    _____
                         William B. Pole, Special Assistant Attorney General,
                         co-counsel for Defendants

# Cover Sheet for
# **DEFENDANT'S**
# PROPOSED
# WORKING DRAFT
# SCHEDULING AND
# PLANNING
# CONFERENCE
# REPORT



Office of the Attorney General
**Douglas B. Moylan**
**Attorney General of Guam**
590 S. Marine Corps Drive
ITC Bldg., Ste. 801 • Tamuning, Guam 96913 • USA
671-475-3406 • 671-477-3390 (fax)
efile@oagguam.org • www.oagguam.org
Office of the Attorney General Counsel for Defendants

### IN THE U.S. DISTRICT COURT OF GUAM
### TERRITORY OF GUAM

| | |
|---|---|
| YE-KYOUNG KIM,<br><br>      Plaintiff,<br><br>  v.<br><br>UNIVERSITY OF GUAM, et. al. | CIVIL CASE NO. 23-00026<br><br>**PROPOSED**<br>**Working Draft**<br>**SCHEDULING AND PLANNING**<br>**CONFERENCE REPORT** |

I.    **Meeting.**   In accordance with Rule 26(f) of the Federal Rules of Civil Procedure, and CVLR 16-1 for the District Court of Guam, a meeting was held on January 31, 2024 and was attended by:

    YE-KYOUNG KIM, pro se Plaintiff;

    Botha Graham, Deputy Attorney General, co-counsel for Defendants

    William B. Pole, Special Assistant Attorney General, co-counsel for Defendants

II.    **Disclosures.**  The information required by Fed.R.Civ.P. 26(a):

The parties that discovery should move forward, and that information required by Fed.R.Civ.P. 26(a) should be exchanged on or before March 6, 2024 or 15 days after the first scheduled Discovery conference in this case.

III.   **Nature and Basis of Claims and Defenses:**

    A. The nature of the case is as follows: The Plaintiff pro se has filed a complaint for a Title VI Violation, a ADEA claim, and an EEOC Complaint.

    B. Defendants

        I.   Defendants deny there is sufficient facts to make a Tile VII and ADEA Claims.

        II.   Defendant denies there is sufficient facts plead to show discrimination.

        III.   Defendants deny there is jurisdiction to make the six defendants that are employees of the University of Guam Defendants.

        IV.   Defendants deny that there is any jurisdiction to hear any untimely claims.

        V.   Defendants deny that there is jurisdiction to hear any claims raised for the first time.

    The Pro Se Plaintiff has filed the following motions:

        1.   Motion for entry of Default (ECF 29)

    Defendant Government of Guam has filed the following motions:

        1.     Motion to Dismiss (ECF 18);

**Waiver of Pretrial Requirements:**

The parties request the court waive the pretrial requirements of

CVLR 16-1(e)–(h).

IV. **Discovery Plan:**

The Parties agree on moving forward discovery.

A. In the event that neither parties motions are granted; the parties expect that discovery will be needed on the following issues:

1. <u>Plaintiff pro se anticipates</u>: The need for interrogatories, production of documents, and admissions concerning:

Further, at a minimum plaintiff has identified the following individuals for possible depositions, which might then require additional discovery:

a. Other individuals as may be identified in discovery.

2. <u>Defendants</u> Discovery anticipates taking plaintiff's deposition and other individuals as may be identified in discovery:

B. Are there issues about preserving discovery information? ☐ Yes ☒ No.

C. Disclosure or discovery of electronically stored information should be handled as follows:

D. Claims of privilege or of protection of trial preparation materials.

1. ☒ There is no indication that this will be an issue.

E. Disclosure of expert reports:

I. By all parties on or before: October 15, 2024.

2. By plaintiff(s) on or before:  September 3, 2024.

3. By defendant(s) on or before: September 17, 2022.

4. Rebuttal reports on or before:  October 16, 2022.

F. Time for completing discovery:

  1. Fact discovery will be completed on or before: November 8, 2024;

  2. Expert discovery will be completed on or before:  October 22, 2024;

  3. All discovery will be completed on or before: November 2, 2024.[1]

G. Optional Modifications on Discovery.

  1.  The limitations contained in Fed. R. Civ. P. 26(b), 30, and 33 will apply except as indicated below;

    i.  Depositions will not exceed two (2) hours as to any deponent per day, but as by agreement, for a total of seven hours per party.[2]

    ii.  Depositions will not exceed two (2) hours as to non-party deponents per day, but as by agreement, for a total of seven hours per party.

    iii. Depositions will not exceed two (2) hours as to party deponents, per day, but as agreement of the parties, for a total of seven hours per party.[3]

---

[1] Defined as the last day to file responses to discovery.

[2] Each party shall be allowed seven hours to ask questions per deposition as provided in the Federal Rules of Evidence.  Each deposition shall be continued such that any deposition will not last more than two hours in a given day, unless the parties agree that the deposition shall continue past the two hours in a given day.

[3] Unless otherwise specified, the court will consider corporate officer, Rule 30(b)(6) witness, and expert witness depositions to be subject to the time limitation

    iv. The maximum number of interrogatories posed by each party will not exceed 40.

    v. The maximum number of requests for admissions posed by each party will not exceed 40.

    vi. Other limitations:

V.  **Pretrial Motions**.

  A. All motions to add parties shall be filed on or before September 16, 2024.

  B. All motions to otherwise amend pleadings shall be filed on or before September 16, 2024.

  C. All discovery motions shall be filed on or before November 5, 2024.

  D. All dispositive motions shall be filed on or before November 29, 2024.

VII.  **Trial**.

  A. The case is expected to take 2 days to try.

  B. Jury Trial

    1. The Plaintiff; pro se has asked for a Jury Trial

    2. There is no right to for a Jury Trial.

  A. The Plaintiff request a trial date of February 13, 2025.[4]

    1. That a Pretrial Conference be scheduled two weeks before trial.

    2. That two weeks before the scheduled pretrial conference that void ire, Proposed jury instructions, and trial brief of the parties be required.

---

applicable to party depositions.

 [4] In no event shall the trial be later than eighteen (18) months after the complaint is filed, unless the Court otherwise allows).

VIII.  **Other Provisions**:

    A.  Early settlement/alternative dispute resolution.

        1.  ☐  The parties certify that they have complied with the provisions of CVLR Rule 16-2(c)(1).

        2.  Do the parties wish to consider ☐ private mediation, ☐ arbitration, or ☒ settlement conference with a judicial officer of this court? ☒Yes ☐ No. If No, explain.

    B.  The parties present the following suggestions for shortening trial.  None at this time.

    C.  The following issues will also affect the status or management of the case:

        1.  Request of Plaintiff would request to be allowed to amend complaint if Defense motions to dismiss would otherwise be granted.

        2.  Defendant Government of Guam plans to file a request for interlocutory relief if motions to dismiss are not granted.

Date: _____     _____
                           YE-KYOUNG KIM, Esq., Plaintiff pro se

Date: _____     _____
                           Botha Graham, Deputy Attorney General, co-counsel for Defendants

Date: _____     _____
                           William B. Pole, Special Assistant Attorney General, co-counsel for Defendants