**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| YE-KYOUNG KIM, | CIVIL CASE NO. 23-00026 |
| Plaintiff, | |
| vs. | **DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURUSANT TO FED. R. CIV. P. 59(e)** |
| UNIVERSITY OF GUAM, et al., | |
| Defendants. | |

Before the court is Plaintiff's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e). ECF No. 75. The court has reviewed the record and the relevant case law, and it deems this matter suitable for submission without oral argument. For the reasons stated below, the court hereby **DENIES** Plaintiff's Motion.

I. **BACKGROUND**[1]

On November 21, 2023, Plaintiff Ye-Kyoung Kim filed a complaint against Defendants University of Guam, Anita Borja Enriquez, Anthony R. Camacho, Carlos R. Taitano, Sharleen Q. Santos-Bamba, Cathleen Moore-Linn, and Joseph Gumataotao alleging that they violated Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in

---

[1] Citations to the record refer to CM/ECF-generated page numbers.

Employment Act of 1967 ("ADEA") when they rejected her application for the position of Assistant Director of Global Learning and Engagement at the University of Guam. ECF No. 1. The Defendants filed a motion to dismiss the original complaint, and the court granted the motion in part,[2] dismissing Plaintiff's complaint with leave to amend. ECF No. 50.[3] In the court's order granting the dismissal, the court provided Plaintiff with enumerated directions on how to amend her pleadings to sufficiently state her claims. *See id.* at 50.

Plaintiff then filed her Amended Complaint on December 2, 2024. ECF No. 52. On December 16, 2024, Defendants filed the second Motion to Dismiss and, in particular, it was focused on Plaintiff's Amended Complaint. ECF No. 55. In the motion, Defendants argued that Plaintiff insufficiently amended her complaint, omitted necessary factual allegations, and failed to correct deficiencies from the original complaint. *See* ECF No. 55-1. More specifically, they contended that (1) Plaintiff failed to allege sufficient facts to support her discrimination claims under Title VII and the ADEA, (2) Plaintiff failed to sufficiently allege that she exhausted her administrative remedies, (3) Plaintiff improperly included time barred claims in her Amended Complaint, and (4) Plaintiff improperly asserted new claims in the Amended Complaint. *Id.* at 5.

On September 5, 2025, the court granted Defendants' Motion to Dismiss Plaintiff's Amended Complaint. ECF No. 71. In its decision, the court dismissed all of the following claims for the reasons noted below:

1. Plaintiff's newly pleaded claims for breach of contract, violation of fair employment practices, and hostile work environment because Plaintiff did not receive leave of the

---

[2] The court granted Defendants' Motion to Dismiss the original complaint in part with leave to amend "as to Plaintiff's claims for discrimination and retaliation under Title VII, subject to the factual limitations described and to Plaintiff's inclusion of Mr. Camacho in the case." ECF No. 50, at 32. The court then denied the Motion to Dismiss the original complaint in part "as to Plaintiff's inclusion of the remaining Individual Defendants in their official capacities, except Mr. Camacho as alleged." *Id.*

[3] A more comprehensive recitation of the procedural history of the present matter before the Amended Complaint can be found in the court's prior Decision and Order from September 30, 2024. ECF No. 50.

court or permission from the Defendants to add any new claims as previously instructed by the court, *id.* at 9;

2. Plaintiff's "allegations predating her application and rejection for Assistant Director of Global Learning and Engagement" because they were "time barred for failure to allege administrative exhaustion," *id.* at 9;

3. Plaintiff's disparate treatment and retaliations claims because she "failed to allege administrative exhaustion," *id.* at 10;

4. Plaintiff's Title VII and ADEA claims against Defendant Camacho because she failed to state how he "participated or otherwise had a role" in the claims, *id.* at 11;

5. Plaintiff's Title VII disparate treatment claim because she failed to "sufficiently allege how she was treated less fairly in the hiring process … because of her race or national origin, or how the other candidates were treated more favorably" and because she did "not sufficiently allege how each of the Individual Defendants participated in the alleged discrimination," *id.* at 14-15;

6. Plaintiff's ADEA disparate treatment claim because she did not allege facts of ongoing age discrimination or of how age discrimination contributed to her not being hired to the position that she wanted, *id.* at 16; and

7. Plaintiff's Title VII and ADEA retaliation claim because she did "not allege facts that plausibly support a causal link between her prior protected activities and her failure to be hired" for her desired position, *id.* at 17-18.

Considering that the Plaintiff "did not heed the court's instructions" in her Amended Complaint and finding that "an additional opportunity to amend would [not] save Plaintiff's claims," the court dismissed her Amended Complaint with prejudice. *Id.* at 19.

On October 3, 2025, Plaintiff filed a Motion to Alter or Amend Judgment Pursuant to

Fed. R. Civ. P. 59(e). ECF No. 75. Specifically, Plaintiff requests that the court amend its judgment, reinstate her complaint, or grant her leave to amend the complaint further. *Id.* at 3-4. Defendants filed an Opposition to the motion for reconsideration and Plaintiff filed a Reply. ECF Nos. 76, 77.

II.     **LEGAL STANDARD**

Federal Rule of Civil Procedure 59(e) allows a party to file a "motion to alter or amend a judgment." "[A] Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (per curiam) (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). District courts apply the same test to Rule 59(e) motions that they apply to motions for reconsideration.[4] *Kona Enters., Inc.*, 229 F.3d at 890-91. A district court should not grant a motion for reconsideration under rule 59(e), unless (1) the moving party presents newly discovered evidence, (2) the original ruling was clearly erroneous, or (3) there is an intervening change in the controlling law. *See Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022) (quoting *Wood*, 759 F.3d at 1121). "District courts have 'considerable discretion' in deciding Rule 59(e) motions." *Id.* (quoting *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003)). Under this court's Civil Local Rules of Practice, "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion except to the extent necessary to demonstrate manifest error." CVLR 7(p)(1).

III.    **DISCUSSION**

Plaintiff has neither presented newly discovered evidence nor argued an intervening

---

[4] A motion to alter or amend judgment is a motion for reconsideration when the motion asks the court to reconsider the merits of a decision. *See United States ex rel. Hoggett v. Univ. of Phoenix*, 863 F.3d 1105, 1108 (9th Cir. 2017).

change in the controlling law. Therefore, the only remaining issue is whether the court's original ruling was clearly erroneous so as to justify granting a motion for reconsideration. *See Kaufmann*, 32 F.4th at 850.

Plaintiff asks the court to reconsider its decision to dismiss her Amended Complaint with prejudice. ECF No. 75. She contends that the court has abused its discretion by treating "similarly situated plaintiffs" differently and by holding her retaliation and continuing violation claims to be time barred. *Id.* at 2-3. Moreover, she alleges that her proposed amendments were not futile as her "allegations plausibly stated claims under Title VII and the ADEA." *Id.* at 3. She then raised in her Reply that the court misapprehended crucial facts from the record. ECF No. 77, at 2-3.

### A. The court did not abuse its discretion by treating Plaintiff differently.

Plaintiff alleges that this court has treated her differently than another plaintiff before the court because it dismissed her Amended Complaint with prejudice while it allowed the other plaintiff suing the "same defendants" in another case "to file an Amended Complaint nunc pro tunc." ECF No. 75, at 2-3. She relies on *Analista v. University of Guam*, Civil Case No. 24-00027, and argues that the "inconsistent treatment of similarly situated plaintiffs suing the same defendants demonstrates an abuse of discretion and undermines uniform application of Rule 15(a)(2)." *Id.* at 3. Defendants contend that the court did not commit clear error because "Plaintiff's original complaint was factually insufficient to survive dismissal under FRCP 12(b)(6), the Court had provided Plaintiff with an opportunity to amend her original complaint to address these deficiencies, including directions to allege facts in support of her claims under Title VII and the ADEA with greater specificity and to plead the necessary elements under the applicable law, and upon repleading, the Plaintiff did not heed the Court's instructions and instead, replaced many of her prior factual allegations with conclusory statements or omitted

necessary facts, and in both the original and the Amended Complaint, Plaintiff references exhibits that she did not actually attach or plead." ECF No. 76, at 6.

Plaintiff has not shown that the court clearly erred as a result of any unequal treatment. *See Kaufmann*, 32 F.4th at 850. Generally, leave to amend a complaint should be freely given "when justice so requires." FED. R. CIV. P. 15(a). Here, the court allowed Plaintiff leave to amend the original complaint because she failed to make sufficient factual allegations in that complaint. *See* ECF No. 50, at 32. Plaintiff subsequently filed her Amended Complaint. ECF No. 52. In this Amended Complaint, she failed to allege sufficient facts to support her claims. ECF No. 71, at 19. She ignored "the court's instructions and, instead, replaced many of her prior factual allegations with conclusory statements or omitted necessary facts altogether." ECF No. 71, at 19. In addition, in both the original complaint the Amended Complaint, Plaintiff failed to attach or plead the correspondences and job postings which she referenced. *See id.* As such, the court was well within its discretionary authority to dismiss Plaintiff's Amended Complaint with prejudice because she failed to cure the deficiencies from her original complaint and because her claims were deemed futile. *See Carvalho v. Equifax Information Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010).

Plaintiff was not similarly situated to the plaintiff in *Analista v. University of Guam*, Civil Case No. 24-00027. The procedural background and the facts of the two cases are different. In *Analista*, the plaintiff requested from the court that he be allowed to amend his complaint to include additional defendants necessary to effectuate any prospective injunctive relief. In this case, Plaintiff simply failed to allege sufficient facts for which relief can be granted. Accordingly, this court ordered Plaintiff to amend her complaint to remedy the deficiencies in her original complaint. *See* ECF No. 50, at 32. Despite having been given this opportunity, Plaintiff failed to comply with the court's directions to allege sufficient facts to support her

claims. *See* ECF No. 71, at 19. Furthermore, the defendants in the two cases are not identical as Plaintiff argues. Only two of the defendants from the cases are the same: the University of Guam and Ms. Anita Enriquez. Plaintiff has failed to demonstrate how the two cases are so similarly situated as to merit completely identical treatment. The two cases have entirely different sets of facts, procedural circumstances, and legal issues. Thus, Plaintiff has failed to show that this court abused its discretion when it dismissed her Amended Complaint with prejudice.

**B. Plaintiff misstates the court's rulings: the retaliation claim was not time barred and the prior acts were properly considered.**

Plaintiff argues the court erred in finding her retaliation claim time barred because it did not properly consider "the continuing violation doctrine recognized in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)." ECF No. 75, at 3. She elaborated in her Reply that her "prior acts may be considered as 'background evidence' for timely claims" and she alleges that her 2009 EEOC charge, her 2010 mediated settlement, and her April 2022 EEOC charge were all evidence of context and motive under the *Morgan* continuing violation doctrine which supported the causation element for her claim of retaliation. ECF No. 77, at 4. Defendants counter that the court "should not consider these arguments because the Plaintiff is repeating the same arguments she made in Opposition to the Defendants' motion to dismiss the Amended Complaint … and the Court has already ruled on them." ECF No. 76, at 9.

Again, Plaintiff failed to show that the court's ruling was clearly erroneous. *See Kaufmann*, 32 F.4th at 850. She argues that the court erred in finding that her claim under her "retaliation theory [was] 'time-barred.'" ECF No. 77, at 4. Again, another misstatement of the record is made by Plaintiff. The court did not find that her retaliation theory was time barred. Rather, it held that Plaintiff failed to allege sufficient facts to support her retaliation claim. *See* ECF No. 71, at 17-18; *see also id.* at 10-11 (holding separately that Plaintiff "failed to allege

administrative exhaustion for her … retaliation claims"). Accordingly, Plaintiff's argument is without merit.

Second, she argues that the court should have considered prior acts as background evidence for timely claims. ECF No. 77, at 4. Again, Plaintiff misunderstood the court's ruling. The court expressly acknowledged that it would consider the prior acts in its Decision and Order. ECF No. 71, at 9-10. The court stated that even though her "allegations predating her application and rejection for Assistant Director of Global Learning and Engagement are time barred for failure to allege administrative exhaustion," the court would "continue[] to consider them as background to Plaintiff's current claims." *Id.* Even after considering the prior acts in the Decision and Order from September 5, 2025, the court found that Plaintiff failed to allege sufficient facts to show a causal connection between her prior protected activities and the fact that she was not offered the desired job – Assistant Director of Global Learning and Engagement. *Id.* at 17-18. As a result, Plaintiff's misstatements of the record does not rise to the level of a finding that this court committed clear error.

**C. Plaintiff's Title VII and ADEA claims were considered and deemed futile.**

Plaintiff next argues the court incorrectly found her claims to be futile and she reiterates her previous arguments from her opposition to the motion to dismiss the Amended Complaint. ECF No. 75, at 3. She repeats that she "adequately alleged her superior qualifications" and that she was not required to attach the job posting at this stage of the pleading. ECF No. 77, at 3. Moreover, she realleges the court overlooked her accusations of dishonesty from the Defendants, specifically Ms. Enriquez, who Plaintiff alleges misrepresented her alma mater on her curriculum vitae. *Id.* at 3-4.

The court already considered these allegations and found that Plaintiff's claims were futile. *See* ECF No. 71, at 12-16; *see also Anderson v. American Airlines, Inc.*, 2011 WL

1706514 *2 (N.D. Cal. May 5, 2011) ("A Rule 59(e) motion may not simply restate arguments that already were raised in opposition to summary judgment."); CVLR 7(p)(1) ("No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion except to the extent necessary to demonstrate manifest error."). As noted in the court's Decision and Order from September 5, 2025, while Plaintiff alleges that she is superior to the applicant who received the role, she still has not alleged how she is particularly qualified for the role of Assistant Director of Global Learning and Engagement which requires more than a doctorate degree in order to perform. *See* ECF No. 71, at 12-18. In addition, while the second allegation suggests alleged flaws in Ms. Enriquez's character, it fails to create a causal connection between the protected activity and the university's decision not to hire Plaintiff specifically. Accordingly, Plaintiff's allegations have already been considered and are indeed deemed futile.

### D. The court did not misapprehend key record facts.

Plaintiff argues the court committed clear error by misunderstanding key facts from the record. ECF No. 77, at 2-3. First, she contends the court incorrectly noted "President Enriquez appointed the search committee for the Associate Director of Global Learning & Engagement position" which was "factually incorrect." *Id.* at 3. According to Plaintiff, this error "undermined [her] theory of procedural irregularity and favoritism." *Id.* Second, she contends "General Counsel Camacho's EEOC position statement[] contains demonstrably false assertions about Plaintiff's employment history" which is enough to show plausibility. *Id.* Plaintiff raised these **new** arguments in her Reply.

As a procedural matter, "[r]eply briefs are for replying, not for raising new arguments or arguments that could have been advanced in the opening brief." *Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 249 F.R.D. 530, 536 (N.D. Ill. 2008) (citing *United States v.*

*Alhalabi*, 443 F.3d 605, 611 (7th Cir.2006)). The Ninth Circuit has held that a "district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (citing *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003)). Therefore, the court will not consider these new arguments raised by Plaintiff in her Reply brief.

**IV.     CONCLUSION**

For the foregoing reasons, the court hereby DENIES Plaintiff's Motion to Alter or Amend Judgment under Rule 59(e). Plaintiff's case, in its entirety, is Dismissed with Prejudice.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
　　**Chief Judge**
**Dated: Mar 31, 2026**